Charles A. ROAT, Plaintiff–Appellant,

v.

COMMISSIONER, INTERNAL REVE-
NUE SERVICE; Alaska USA Federal
Credit Union; Felec Services, Inc., De-
fendants–Appellees.

Robert J. HAGGERTY,
Petitioner–Appellant,

v.

COMMISSIONER, INTERNAL
REVENUE SERVICE,
Respondent–Appellee.

Douglas G. WADE,
Petitioner–Appellant,

v.

COMMISSIONER, INTERNAL
REVENUE SERVICE,
Respondent–Appellee.

H. Milton MOORE,
Petitioner–Appellant,

v.

COMMISSIONER, INTERNAL
REVENUE SERVICE,
Respondent–Appellee.

Erby D. BROWN, Petitioner–Appellant,

v.

COMMISSIONER, INTERNAL
REVENUE SERVICE,
Respondent–Appellee.

John M. SHORTER,
Petitioner–Appellant,

v.

COMMISSIONER, INTERNAL
REVENUE SERVICE,
Respondent–Appellee.

Manuel C. BORBON,
Plaintiff–Appellant,

v.

COMMISSIONER, INTERNAL
REVENUE SERVICE,
Defendant–Appellee.

Nos. 86–3857, 86–7479, 86–7480, 86–7482,
86–7483, 86–7487 and 87–1559.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 6, 1988.

Decided May 27, 1988.

Jeffrey A. Dickstein, Missoula, Mont., for plaintiff-appellant.

Gary R. Allen and Howard M. Soloman, Tax Div., U.S. Dept. of Justice, Washington, D.C., for the defendants-appellees.

Before BEEZER, HALL and WIGGINS, Circuit Judges.

BEEZER, Circuit Judge:

Appellants did not file income tax returns. They challenge their income tax on the theory that the Commissioner cannot determine their tax deficiencies until he prepares returns on their behalf. The Tax Court denied five appellants' motions to dismiss for lack of jurisdiction, and granted the Commissioner's motions for failure to prosecute. The district courts denied injunctive relief to two other appellants as barred by the Anti–Injunction Act. We affirm, except that we dismiss as to appellant Roat and remand, for a limited purpose, as to appellant Moore.

I

Each appellant failed to file federal income tax returns for the years at issue. The Commissioner determined that each appellant had taxable income and issued statutory notices asserting deficiencies and additions to tax.

Appellants Brown, Haggerty, Moore, Shorter, and Wade petitioned the Tax Court for redeterminations. They argued that the Tax Court lacked jurisdiction because the Commissioner had not issued valid notices of deficiency; their theory was that the Commissioner could not determine their deficiencies unless he prepared returns on their behalf. In addition, Moore and Wade made formal requests for discovery and served interrogatories on the Commissioner.

The Tax Court rejected appellants' argument that the determinations of deficiency were invalid and denied appellants' motions to dismiss for lack of jurisdiction. The Tax Court granted the Commissioner's motions for protective orders against discovery by Moore and Wade on grounds that they had not made informal requests and that their discovery requests were onerous. After appellants declined to present evidence on whether the Commissioner's determinations of deficiency were factually correct, the Tax Court granted the Commissioner's motions for failure to prosecute.

Appellants Borbon and Roat sued in district court to enjoin the Commissioner from collecting their taxes. They offered the same argument that the notices of deficiency were invalid because the Commissioner

had not filed returns on their behalf. The district court in the Borbon case granted the government's motion to dismiss the suit as barred by the Anti–Injunction Act, 26 U.S.C. § 7421. The district court in the Roat case denied Roat's request for injunctive relief but did not dismiss his case.

## II

### A. *Tax Return Not Prerequisite*

If the Secretary has determined a tax deficiency he may send notice to the taxpayer. 26 U.S.C. 6212(a). The taxpayer then may petition the Tax Court for a redetermination of the deficiency. 26 U.S. C. 6213(a). To decide whether a notice of deficiency was invalid, precluding jurisdiction in the Tax Court, this court reviews de novo the Tax Court's interpretation of section 6212(a). *Scar v. C.I.R.*, 814 F.2d 1363, 1366 (9th Cir.1987).

■ Deficiency procedures set out in the Internal Revenue Code, 26 U.S.C. §§ 6211–6213, do not require the Commissioner to prepare a return on a taxpayer's behalf before determining and issuing a notice of deficiency. Section 6211(a) defines "deficiency" as follows:

[T]he amount by which the tax imposed by [the Code] exceeds the excess of—

(1) the sum of

(A) the amount shown as the tax by the taxpayer upon his return, if a return was made by the taxpayer and an amount was shown by the taxpayer thereon, plus

(B) the amounts previously assessed (or collected without assessment) as a deficiency, over—

(2) the amount of rebates....

As Section 6211(a) makes plain, only "if a return was made by the taxpayer" does the tax shown on a return figure in the Commissioner's determination of deficiency. In the absence of an amount "shown by the taxpayer thereon," section 6211 defaults to the Commissioner's independent calculation of tax owed under substantive provisions of the Code.

Treasury regulations are even more explicit. As 26 C.F.R. § 301.6211–1(a) (1987)

indicates, the Commissioner need not prepare a return for the taxpayer before determining the taxpayer's deficiency: "If no return is made, or if the return ... does not show any tax, for the purpose of the definition 'the amount shown as the tax by the taxpayer upon his return' shall be considered as zero." If no return is made the Commissioner simply proceeds with his independent calculation: "In any such case ... the deficiency is the amount of the income tax imposed by [the Code]." *Id.*

The Supreme Court has read this regulation the same way: "Where there has been no tax return filed, the deficiency is the amount of tax due." *Laing v. United States*, 423 U.S. 161, 174, 96 S.Ct. 473, 481, 46 L.Ed.2d 416 (1976) (citing 26 C.F.R. § 301.6211–1(a)). In a case directly on point, the Tax Court has held that this regulation "clearly provides that where a taxpayer files no return, the deficiency can be determined as if a return was made showing the amount of tax to be zero." *Hartman v. C.I.R.*, 65 T.C. 542, 546 (1975).

Appellants argue that the deficiency provisions should be read in conjunction with another statute, 26 U.S.C. § 6020(b); appellants contend that section 6020(b) amounts to a "jurisdictional prerequisite to the issuance of a notice of deficiency." Section 6020(b)(1) says:

(1) *Authority of Secretary to execute return.*—If any person fails to make any return required by any internal revenue law or regulation ... the Secretary shall make such return from his own knowledge and from such information as he can obtain through testimony or otherwise.

Nothing in the language of either statute suggests section 6211(a) should be read together with section 6020(b). Nothing in the Code's structure suggests the statutes should be read together, either. Section 6020 resides in Chapter 61 of Title 26, governing information and returns. By contrast, section 6211 resides in Chapter 63, governing assessment. *See Hartman*, 65 T.C. at 545.

Tax policy calls for the statutes to be read independently. A rule requiring the

Commissioner to prepare a return before determining a deficiency "is not within the spirit of our self-assessment system of taxation." *Id.* at 546. The rule would create a bad incentive for delinquent taxpayers: inertia would pay. As a matter of policy, "that petitioner failed to file a return will not insulate him from a determination by the Commissioner that a tax is due and owing." *Id.*

A rule requiring the Commissioner to prepare a return first would create an administrative burden for no good reason. The deficiency letter itself gives the taxpayer fair notice of his status, including amounts owed. *See Olsen v. Helvering*, 88 F.2d 650, 651 (2d Cir.1937). A substitute return ordinarily would add nothing: even if the Commissioner prepared a dummy return on behalf of the taxpayer, the Commissioner would not use the return in determining the deficiency. As the Treasury regulation says, "if the return ... does not show any tax, for the purpose of the definition 'the amount shown as the tax by the taxpayer upon his return' shall be considered as zero." 26 C.F.R. § 301.6211–1(a).

Finally, appellants garner no support from *Scar v. C.I.R.*, 814 F.2d 1363 (9th Cir.1987). *Scar* fits best in a line of cases addressing determinations of deficiency on their merits. These cases state that the Commissioner, to rely on the presumption that his deficiency determination was correct, must have recourse to some evidence showing a taxpayer received income from the charged activity. *Compare id.* at 1366 (Commissioner did not consider any information relating to taxpayer) *with Weimerskirch v. C.I.R.*, 596 F.2d 358, 360 (9th Cir.1979) (determination unsupported by any evidence is arbitrary and erroneous). In this case, as usual, "the sending of the notice of deficiency presumes a determination" for purposes of jurisdiction in the Tax Court. *Scar*, 814 F.2d at 1369 n. 9. Once in the Tax Court, appellants did not contest

the determinations of deficiency on the merits: they did not, for example, contend that the Commissioner determined their deficiencies without evidence that they had received income from charged activities.

Considering that section 6211(a) need not be read in conjunction with 6020(b), we do not have to decide whether section 6020(b)(1) otherwise requires the Commissioner to prepare a return on behalf of a taxpayer who fails to do so himself.[1] As far as section 6211(a) is concerned, the Commissioner was not required to prepare a return on appellants' behalf before issuing them valid notices of deficiency. The Tax Court properly exercised jurisdiction over appellants' petitions for redetermination.

### B. *Protective Order*

Rule 103 of the Tax Court's Rules of Practice and Procedure tracks Federal Rule of Civil Procedure 26(c). Rule 103 authorizes the tax court to grant a protective order when discovery could result in "annoyance ... oppression, or undue burden or expense." This court reviews the granting of a protective order for an abuse of discretion. *Wood v. McEwen*, 644 F.2d 797, 801–02 (9th Cir.1981) (Federal Rule 26(c)).

According to Tax Court Rule 70(a), taxpayers should attempt to obtain information through informal consultation or communication before engaging in formal discovery. Appellants Wade and Moore first sent lengthy "informal" interrogatories to the IRS. Then, as their correspondence with IRS officials shows, Wade and Moore made no effort to consult informally.

Wade wrote that "it is clear that no purpose will be served in waiting until after the settlement conference as you suggested ... in view of the fact that you did not provide informal answers to my first set of informal interrogatories, enclosed is a formal set of interrogatories." Moore wrote that, because constitutional issues would not be discussed, "I did not attend

---

1. We note, however, that the sections's heading suggests section 6020(b)(1) simply endows the Secretary with "[a]uthority" to execute a return. The language is permissive, not mandatory. Cases repeatedly have drawn this conclusion.

*See Moore v. C.I.R.*, 722 F.2d 193, 196 (5th Cir. 1984); *United States v. Verkuilen*, 690 F.2d 648, 657 (7th Cir.1982). *See also Smalldridge v. C.I.R.*, 804 F.2d 125, 127–28 at n. 2 (10th Cir. 1986).

the scheduled settlement conference on March 6, 1986." After suggesting another meeting, he added, "In the mean time [sic], I am herewith serving you with a formal request for discovery."

The "formal set of interrogatories" that Wade enclosed and the "formal request for discovery" that Moore served consisted of the same questions they had asked in their "informal" communications. Most of these questions dealt with the government's authority to tax. A response would have been onerous and pointless.

■ Moore and Wade did not seek information through informal consultation; they then submitted burdensome interrogatories. The Tax Court was within its discretion to grant a protective order against discovery.

### C. *Dismissal for Want of Prosecution*

Under Tax Court Rules 123(b) and 149(b), the Tax Court may dismiss a petition when a petitioner fails to prosecute or presents no evidence on an issue on which petitioner bears the burden of proof. This court reviews a dismissal for failure to prosecute for an abuse of discretion. *Edelson v. C.I.R.*, 829 F.2d 828, 831 (9th Cir.1987).

■ The Commissioner's determination of deficiencies is presumptively correct; petitioners have the burden of proving otherwise. *See Edelson*, 829 F.2d at 831 (citing *Helvering v. Taylor*, 293 U.S. 507, 515, 55 S.Ct. 287, 290, 79 L.Ed. 623 (1935)); Tax Court Rule 142. At trial appellants elected not to challenge the merits of the Commissioner's determination of their deficiencies. Counsel did not argue the merits of the deficiencies. Appellants did not seek information about the merits of their deficiencies. Instead, appellants elected to stand on their motions to dismiss for lack of jurisdiction.

■ Even now appellants do not seriously challenge the dismissal for want of prosecution on the merits. Throughout this litigation, appellants, represented by counsel, have made a tactical choice not to prosecute the merits of their deficiencies. The Tax Court was within its discretion to grant the Commissioner's motions to dismiss.

### D. *The Anti–Injunction Act*

■ Whether the district courts had jurisdiction over the taxpayers' requests for injunctive relief is a question of law that this court reviews de novo. *Peter Starr Production Co. v. Twin Continental Films, Inc.*, 783 F.2d 1440, 1442 (9th Cir. 1986) (subject matter jurisdiction).

The Anti–Injunction Act, 26 U.S.C. § 7421(a), says that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person," except as provided by sections such as 6212(a) and 6213(a). The Act bars Borbon's request for an order "enjoining Defendant Commissioner, his attorneys, agents and employees from assessing as a deficiency, and from engaging in any other collection activity for taxes allegedly owed." The Act likewise bars Roat's request for an order "enjoining Defendant Commissioner, his attorneys, agents and employees ... from taking any amount of Plaintiff's property from Plaintiff in compliance with the IRS Notice of Levy, and ... from engaging in any other collection activity for taxes allegedly owed."

■ Borbon and Roat do not qualify for an exception to the Act set out by the Supreme Court in *Enochs v. Williams Packing Co.*, 370 U.S. 1, 7, 82 S.Ct. 1125, 1129, 8 L.Ed.2d 292 (1962). This exception applies only "if it is clear that under no circumstances could the Government ultimately prevail" and "if equity jurisdiction otherwise exists." *Id.* As we already have concluded, in this case the government does prevail on the question of whether the Commissioner's determinations of deficiency were lawful. In any event, equity jurisdiction only exists when taxpayers do not maintain an adequate legal remedy. *Id.* at 6–7, 82 S.Ct. at 1128–29. *See Commissioner v. Shapiro*, 424 U.S. 614, 627, 96 S.Ct. 1062, 1070, 47 L.Ed.2d 278 (1975) (taxpayer shows he would otherwise suffer irreparable injury). Borbon and Roat maintain adequate legal remedies. Pursuant to 26 U.S.C. § 6213(a), they could have petitioned the Tax Court for a redetermination of their deficiencies, just as the other appellants in this case did. Pursuant to 28 U.S.

C. § 1346(a), Borbon and Roat still can pay their tax deficiencies, file administrative claims, then bring refund suits in federal court.

### III

For jurisdiction in the Tax Court to be proper, the Commissioner was not required to prepare tax returns on appellants' behalf. The Tax Court did not abuse its discretion by granting a protective order against discovery by appellants Wade and Moore, or by dismissing the Tax Court cases for lack of prosecution. The district court was right to deny injunctive relief as barred by the Anti–Injunction Act.

We affirm the decisions of the Tax Court and the district courts, with two exceptions. In accordance with the government's request, we remand Moore's case so that the Tax Court may delete the portion of its decision imposing an addition to tax under 26 U.S.C. 6653(a)(2) for 1980. Also, we dismiss Roat's case for lack of jurisdiction pursuant to the Anti-Injunction Act.

Although we deny the government's request for sanctions, we publish this opinion in part to warn future appellants that the arguments we have rejected here have no place in this court.

