955 F.2d 47
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Shelley A. BOYCE; James M. Boyce, Petitioners,
v.
COMMISSIONER OF INTERNAL REVENUE SERVICE, Respondent.
 No. 91-70269.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 13, 1992.*
Decided Feb. 19, 1992.
 
 Before CANBY, WILLIAM A. NORRIS and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Shelley and James Boyce appeal pro se the tax court's summary judgment in favor of the Commissioner of Internal Revenue ("Commissioner") in their petition for redetermination of tax deficiencies for tax years 1979 through 1984. The tax court upheld the Commissioner's defeciency determinations and penalties and additions, and imposed damages against the Boyces pursuant to 26 U.S.C. § 6673. We have jurisdiction pursuant to 26 U.S.C. § 7482(a). We review de novo, Wilcox v. Commissioner, 848 F.2d 1007, 1008 (9th Cir.1988), and affirm. In addition, we award sanctions of $1,500 against the Boyces pursuant to Fed.R.App.P. 38 and 28 U.S.C. § 1912 for bringing a frivolous appeal.
 
 
 3
 For tax years 1979 through 1981, the Boyces filed Forms 1040 which purported to be tax returns but contained no financial information. For tax years 1982 through 1984, the Boyces filed no tax returns. In 1989, the Commissioner issued notices of deficiency to the Boyces for tax years 1979 through 1984. The Boyces filed a timely petition for redetermination in tax court. The tax court granted summary judgment for the Commissioner, upholding the deficiencies. The tax court also upheld the Commissioner's assessment of additions to tax pursuant to 26 U.S.C. §§ 6653(b)(1) & (2), 6661(a), 6654(a). Finally, the tax court imposed damages against the Boyces pursuant to 26 U.S.C. § 6673 in the amount of $5,000 each on the ground that their petition was frivolous.
 
 
 4
 On appeal, the Boyces do not challenge the merits of the deficiencies, additions, or penalties. Rather, the Boyces contend that (1) the tax court failed to follow the standard of review set forth in the Administrative Procedure Act ("APA"), 5 U.S.C. § 706, which mandates a hearing and review of the administrative record prior to sending the notices of deficiency, (2) the district counsel was required to sign the notice of deficiency, (3) the notices of deficiency were invalid because no returns were filed, (4) they were denied discovery, and (5) they were denied due process. These contentions are meritless.
 
 
 5
 First, failing to provide a taxpayer with an administrative fact finding hearing prior to issuing a notice of deficiency does not violate due process. Wilcox, 848 F.2d at 1008. Section 554(a)(1) of the APA provides that the APA does not apply to matters "subject to subsequent consideration of the law and facts de novo in a court." 5 U.S.C. § 554(a)(1). Thus, because the tax court reviews de novo the Commissioner's determination of a deficiency, the APA is not applicable. See id.; Clapp v. Commissioner, 875 F.2d 1396, 1403 (9th Cir.1989).
 
 
 6
 Second, the notices of deficiency were properly signed by the district director. See 26 U.S.C. §§ 6212, 7701(a)(11)(B), (12)(A); Treas.Reg. § 301.6212-1(a). Third, the Commissioner is not required to prepare a return on the Boyces' behalf before determining and issuing a notice of deficiency. See Roat v. Commissioner, 847 F.2d 1379, 1381 (9th Cir.1988). Fourth, the tax court did not abuse its discretion in denying the Boyces' request for discovery prior to granting summary judgment. See id. at 1383. The Boyces did not participate in informal consultation or communication with the Commissioner and repeatedly ignored the tax court's previous discovery orders. See 26 U.S.C. § 7453 Tax Ct.R. 70(a); Roat, 847 F.2d at 1383.
 
 
 7
 Finally, the Boyces were given a full and fair opportunity to present their claims regarding redetermination of the deficiencies in tax court. Rather than contest the merits of deficiencies, however, they presented a litany of frivolous tax protester arguments to the tax court. See Wilcox, 848 F.2d at 1008. Thus, the tax court did not deny the Boyces due process by granting summary judgment for the Commissioner. See id.
 
 
 8
 The Commissioner requests sanctions against the Boyces for bringing this appeal. This court has discretion to impose damages against litigants, even pro se, as a sanction for bringing a frivolous appeal. Fed.R.App.P. 38; 28 U.S.C. § 1912; Wilcox, 848 F.2d at 1008-09 ($1,500 sanction imposed on pro se litigant for bringing a frivolous appeal). An appeal is frivolous if the results are obvious or the arguments of error are wholly without merit. Wilcox, 848 F.2d at 1009. The Boyces' claims are wholly without merit. Accordingly, we impose $1,500 damages as a sanction.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3