956 F.2d 1167
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Carl F. PLEIER, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 91-70275.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 26, 1992.*
Decided March 4, 1992.
 
 Before CANBY, WILLIAM A. NORRIS and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Carl F. Pleier appeals pro se the tax court's dismissal for failure to prosecute of his petition for redetermination of tax deficiencies for tax year 1985. The tax court upheld the Commissioner of Internal Revenue's ("Commissioner") deficiency determination and penalties and additions, and imposed damages against Pleier pursuant to 26 U.S.C. § 6673. We have jurisdiction pursuant to 26 U.S.C. § 7482(a). We review de novo, Wilcox v. Commissioner, 848 F.2d 1007, 1008 (9th Cir.1988), and affirm. In addition, we award sanctions of $1,500 against Pleier pursuant to Fed.R.App.P. 38 and 28 U.S.C. § 1912 for bringing a frivolous appeal.
 
 
 3
 Pleier filed no tax return for tax year 1985. In 1988, the Commissioner issued a notice of deficiency to Pleier for tax year 1985. Pleier filed a timely petition for redetermination in tax court. The tax court dismissed Pleier's petition for failure to prosecute because Pleier had failed to comply with tax court rules and orders. In addition, the tax court upheld the Commissioner's assessment of deficiency and additions to tax pursuant to 26 U.S.C. §§ 6651(a)(1), 6653(a)(1) & (2), 6654. Finally, the tax court imposed damages against Pleier pursuant to 26 U.S.C. § 6673 in the amount of $7,500 on the ground that his petition was frivolous.
 
 
 4
 The tax court has discretion to dismiss a petition for redetermination for failure to prosecute or failure to comply with the Tax Court Rules or orders of the tax court. 26 U.S.C. § 7453 Tax Ct.R. 123(b); Larsen v. Commissioner, 765 F.2d 939, 941 (9th Cir.1985) (per curiam). Here, Pleier failed to comply with Tax Court Rules 70 and 90, which require participation in informal communication, consultation, and discovery, despite the tax court's repeated warnings that failure to do so could result in sanctions, including dismissal for failure to prosecute. Accordingly, the tax court did not abuse its discretion by dismissing Pleier's petition. See Larsen, 765 F.2d at 941.
 
 
 5
 On appeal, Pleier does not challenge the merits of the deficiency, additions, or penalties. Rather, he contends that (1) the Administrative Procedure Act ("APA"), 5 U.S.C. § 706, requires a hearing and review of the administrative record prior to sending the notice of deficiency, (2) the Commissioner's district counsel was required to sign the notice of deficiency, (3) the notice of deficiency was invalid because no return was filed, (4) he was denied discovery, and (5) he was denied due process. These contentions are meritless.
 
 
 6
 First, failing to provide a taxpayer with an administrative fact finding hearing prior to issuing a notice of deficiency does not violate due process. Wilcox, 848 F.2d at 1008. Section 554(a)(1) of the APA provides that the APA does not apply to matters "subject to subsequent consideration of the law and facts de novo in a court." 5 U.S.C. § 554(a)(1). Thus, because the tax court reviews de novo the Commissioner's determination of a deficiency, the APA is not applicable. See id.; Clapp v. Commissioner, 875 F.2d 1396, 1403 (9th Cir.1989).
 
 
 7
 Second, the notice of deficiency was properly signed by the district director. See 26 U.S.C. §§ 6212, 7701(a)(11)(B), (12)(A); Treas.Reg. § 301.6212-1(a). Third, the Commissioner is not required to prepare a return on Pleier's behalf before determining and issuing a notice of deficiency. See Roat v. Commissioner, 847 F.2d 1379, 1381 (9th Cir.1988). Fourth, the tax court did not abuse its discretion in denying Pleier's request for discovery prior to dismissing the action. See id. at 1383. Pleier did not participate in informal consultation or communication with the Commissioner and repeatedly ignored the tax court's previous discovery orders. See 26 U.S.C. § 7453 Tax Ct.R. 70(a); Roat, 847 F.2d at 1383.
 
 
 8
 Finally, Pleier was given a full and fair opportunity to present his claims regarding redetermination of the deficiency in tax court. Rather than contest the merits of the deficiency, however, he presented a litany of frivolous tax protester arguments to the tax court. See Wilcox, 848 F.2d at 1008. Thus, the tax court did not deny Pleier due process by dismissing his petition for redetermination. See id.
 
 
 9
 The Commissioner requests sanctions against Pleier for bringing this appeal. This court has discretion to impose damages against litigants, even pro se, as a sanction for bringing a frivolous appeal. Fed.R.App.P. 38; 28 U.S.C. § 1912; Wilcox, 848 F.2d at 1008-09 ($1,500 sanction imposed on pro se litigant for bringing a frivolous appeal). An appeal is frivolous if the results are obvious or the arguments of error are wholly without merit. Wilcox, 848 F.2d at 1009. Pleier's claims are wholly without merit. Accordingly, we impose $1,500 damages as a sanction.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3