978 F.2d 715
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Leon SANDERS, Petitioner-Appellant,
v.
COMMISSIONER INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 92-70056.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 22, 1992.*
Decided Oct. 28, 1992.
 
 Before SNEED, BEEZER and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Leon Sanders appeals pro se the tax court's dismissal for failure to prosecute of his petitions for redetermination of income tax deficiencies and additions to tax assessed against him by the Commissioner of Internal Revenue (CIR) for the tax years 1983, 1984, 1985, 1987, and 1988. We have jurisdiction to review final orders of the tax court under 26 U.S.C. § 7482, and we affirm.
 
 
 3
 We review for an abuse of discretion the tax court's decision to dismiss a case for failure to prosecute. Noli v. Commissioner, 860 F.2d 1521, 1527 (9th Cir.1988).
 
 
 4
 Rule 123(b) of the Tax Court Rules of Practice and Procedure provides that the tax court may dismiss a petition for failure to (1) properly prosecute, (2) abide by tax court rules, or (3) comply with a tax court order. Tax Ct.R. 123(b). "Although a court must explore meaningful alternatives prior to dismissing a case, it need not always exhaust every sanction short of dismissal before final action." Edelson v. Commissioner, 829 F.2d 828, 831 (9th Cir.1987).
 
 
 5
 The CIR's determinations of deficiencies and additions to tax are presumptively correct. See, e.g., Baxter v. Commissioner, 816 F.2d 493, 495 (9th Cir.1987). Thus, the taxpayer bears the burden of producing evidence showing that the CIR's determination is incorrect. Id. The tax court may dismiss a petition if the taxpayer fails to present evidence on an issue on which the taxpayer bears the burden of proof. Tax Ct.R. 149(b); Roat v. Commissioner, 847 F.2d 1379, 1383 (9th Cir.1988).
 
 
 6
 Here, Sanders was sent a notice of deficiency for tax years 1983 through 1985 on November 2, 1989. Sanders filed his petition for redetermination of the deficiency on January 25, 1990. On November 8, 1990, the tax court set trial on the matter for April 15, 1991. On April 15, 1991, Sanders informed the court that he was not prepared to proceed, and the case was continued.
 
 
 7
 Meanwhile, on October 22, 1990, Sanders was sent another notice of deficiency for the tax years 1987 and 1988. Sanders filed a petition for redetermination of this deficiency on January 6, 1991. On September 20, 1991, the petitions were consolidated by the tax court and trial was set for December 9, 1991. On December 9, 1991, Sanders informed the court that he was again not prepared to go to trial because he did not have an attorney or an accountant. The court continued the case until December 13, 1991. On December 13, 1991, the case was called and the CIR moved to dismiss Sanders's petition for failure to prosecute. Sanders appeared and informed the court that he was not prepared to go to trial because he could not get an attorney. The court orally granted the CIR's motion to dismiss and subsequently filed an order dismissing the case for failure properly to prosecute.
 
 
 8
 Sanders was given three opportunities over an eight-month period to prosecute his petition for redetermination. Sanders had ample opportunity to retain an attorney and prepare his case. Accordingly, because Sanders failed properly to prosecute his case and failed to present any evidence showing that the CIR's determination of deficiencies was incorrect, the tax court did not abuse its discretion by dismissing Sanders's petition. See Edelson, 829 F.2d at 831.[1]
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The CIR argues that dismissal of Sanders's petition was also proper on the alternative ground that Sanders failed to stipulate to any facts prior to trial as required by Tax Ct.R. 91. Because we affirm the tax court's dismissal for failure to prosecute, we need not address this alternative basis for dismissal