981 F.2d 1261
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Corinda WERTHEIM, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 92-70426.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 21, 1992.*
Decided Dec. 28, 1992.
 
 Before TANG, NOONAN and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Corinda Wertheim appeals pro se the tax court's decision affirming the Commissioner of Internal Revenue's (CIR) determination of deficiencies in income tax and additions to tax due for the tax years 1987 and 1988. Wertheim contends that the tax court erred by sustaining the CIR's determinations of deficiencies and additions to tax because section 6201(b)(1) of the Internal Revenue Code (Code) prohibits the assessment of estimated taxes. We have jurisdiction over appeals from the tax court pursuant to 26 U.S.C. § 7482, and we affirm.
 
 
 3
 The tax court's interpretation of a statute is a ruling on a question of law which we review de novo. Vakasovich, Inc. v. Commissioner, 790 F.2d 1409, 1413 (9th Cir.1986).
 
 
 4
 Section 6201(b)(1) of the Code provides in relevant part that "[n]o unpaid amount of estimated income tax required to be paid under section 6654 or 6655 shall be assessed." 26 U.S.C. § 6201(b)(1). Sections 6654 and 6655 of the Code address the failure of individuals and corporations respectively to pay estimated income taxes. See 26 U.S.C. §§ 6654-55.
 
 
 5
 However, "[i]f any person fails to make any return required by any internal revenue law or regulation ..., the Secretary shall make such return from his own knowledge and from such information as he can obtain through testimony or otherwise." 26 U.S.C. § 6020(b); see Roat v. Commissioner, 847 F.2d 1379, 1382 n. 1 (9th Cir.1988).
 
 
 6
 The CIR's determinations of deficiencies and additions to tax are presumptively correct and the taxpayer bears the burden of producing evidence showing that the CIR's determinations are incorrect. Baxter v. Commissioner, 816 F.2d 493, 495 (9th Cir.1987).
 
 
 7
 Here, Wertheim failed to file income tax returns for the tax years 1987 and 1988. The CIR determined the deficiencies by computing the amount of income tax owed based on Wertheim's allegedly unreported wage income. See 26 U.S.C. § 6020(b). The determinations of deficiencies and additions to tax were therefore based on the actual amount of income tax owed and not based on any estimated tax as provided under section 6654. See 26 U.S.C. § 6211 & 6654. Thus, section 6201(b)(1) is inapplicable in this case. Wertheim presented no other evidence to sustain her burden of showing that the CIR's determinations are incorrect. Accordingly, the tax court did not err by affirming the CIR's determinations of deficiencies and additions to tax.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3