2 F.3d 1157
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael L. MONTALVO, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 92-70256.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 21, 1993.*
Decided Aug. 2, 1993.
 
 Before BROWNING, TANG and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael Montalvo appeals pro se the United States Tax Court's dismissal of his petition for redetermination of income tax deficiencies and additions to tax asserted against him by the Commissioner of Internal Revenue (CIR) for the tax year 1984. The tax court dismissed the petition for failure to prosecute. We have jurisdiction under 26 U.S.C. Sec. 7482, and we affirm.
 
 
 3
 We review the tax court's decision to dismiss a case for failure to prosecute for an abuse of discretion. Noli v. Commissioner, 860 F.2d 1521, 1527 (9th Cir.1988).
 
 
 4
 The tax court may dismiss a case and enter judgment against a taxpayer who fails to prosecute properly or to comply with tax court rules or orders. Tax Ct.R. 123(b); Edelson v. Commissioner, 829 F.2d 828, 831 (9th Cir.1987). Tax Court Rule 91 requires the parties to stipulate as fully as possible to all relevant, nonprivileged matters. Tax Ct.R. 91; Larsen v. Commissioner, 765 F.2d 939, 941 (9th Cir.1985) (per curiam). Although the tax court "must explore meaningful alternatives prior to dismissing a case, it need not always exhaust every sanction short of dismissal before final action." Edelson, 829 F.2d at 831.
 
 
 5
 The tax court may dismiss a petition if the petitioner fails to present evidence on an issue on which the petitioner bears the burden of proof. Tax Ct.R. 149(b); Roat v. Commissioner, 847 F.2d 1379, 1383 (9th Cir.1988). The CIR's determination of deficiencies is presumptively correct; the burden of proof is on the taxpayer to prove by a preponderance of the evidence that the CIR's deficiency determination is arbitrary or excessive. Roat, 847 F.2d at 1383; Edelson, 829 F.2d at 831. The taxpayer fails to meet this burden if he offers no proof to rebut the presumption of correctness and refuses to comply with court orders. Edelson, 829 F.2d at 831.
 
 
 6
 Here, the CIR sent Montalvo a notice of deficiencies and additions to tax on February 16, 1989. Montalvo filed a petition for redetermination on May 18, 1989. On December 14, 1989, the tax court issued a notice setting trial for May 14, 1990. On March 15, 1990, Montalvo filed a motion to continue the trial. Montalvo was incarcerated on federal drug charges, and alleged that he was too busy preparing pro se appellate briefs challenging his conviction to appear in tax court. The tax court granted Montalvo's motion and continued the trial until October 15, 1990.
 
 
 7
 On August 15, 1990, the CIR sent Montalvo a proposed stipulation of facts and documents for trial. Montalvo refused to stipulate to any documents, including his 1984 tax return. On August 31, 1990, Montalvo again moved to continue the trial.
 
 
 8
 The tax court held a partial trial on October 15, 1990. Montalvo failed to appear for trial. The tax court directed both parties to file a status report regarding Montalvo's criminal appeal on or before January 22, 1991. On January 18, 1991, the CIR filed a status report indicating that Montalvo had not yet filed any briefs in his criminal appeal.
 
 
 9
 On April 2, 1991, the tax court ordered that Montalvo could request that his case be tried on July 15, 1991, provided that Montalvo file responses to the CIR's interrogatories, produce documents requested by the CIR, and apply for a writ of habeas corpus to attend the trial. Montalvo did none of these things. On September 27, 1991, the tax court filed an order setting trial for March 16, 1992. Montalvo again failed to fulfill the court's conditions regarding discovery and attendance at trial. On February 18, 1992, the CIR moved for to dismiss the case for failure to prosecute. On March 10, 1992, after receiving Montalvo's response, the tax court granted the CIR's motion and dismissed the case.
 
 
 10
 Montalvo presented no evidence to meet his burden of showing that the CIR's determinations were incorrect. See Roat, 847 F.2d at 1383; Edelson, 829 F.2d at 831. He failed to enter into a stipulation of facts as required by Rule 91. See Larsen, 765 F.2d at 941. He failed to appear for trial, and failed to produce documents and answer interrogatories when ordered to do so by the tax court. Montalvo asserts that he was too busy preparing briefs for his criminal appeal to appear in tax court; however, the tax court granted Montalvo a continuance and indicated its willingness to entertain the case after Montalvo's briefs were filed, provided Montalvo complied with the court's discovery orders. Montalvo refused to do so. On this record, we cannot say that the tax court abused its discretion by dismissing Montalvo's case under Tax Court Rule 123(b) for failure to prosecute. See Edelson, 829 F.2d at 831 (tax court may dismiss case for failure to prosecute if taxpayer fails to produce records, enter a stipulation of facts, or appear for trial).
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3