PAUL S. ZYGLIS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Zyglis v. Commissioner
Docket No. 9030-93
United States Tax Court
T.C. Memo 1993-341; 1993 Tax Ct. Memo LEXIS 347; 66 T.C.M. (CCH) 296; August 3, 1993, Filed *347 An appropriate order of dismissal will be entered. For respondent: Kevin M. Murphy. DAWSON, BUCKLEY
DAWSON; BUCKLEY
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Helen A. Buckley pursuant to section 7443A(b)(4) and Rules 180, 181, and 183. [1] The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE BUCKLEY, Special Trial Judge: This matter is before the Court on Respondent's Motion for a More Definite Statement or to Strike, filed June 8, 1993. On June 16, 1993, this Court granted so much of respondent's motion as moved for a more definite statement and set for hearing the order to strike. Subsequently, petitioner filed an amended petition. At the hearing on this matter, respondent orally moved to dismiss the petition and amended petition *348 for failure to state a cause of action. Respondent determined deficiencies in petitioner's Federal income taxes as follows: Year
Deficiency
Additions to tax Sec. 6651(a)
Sec. 6654
1985
$ 13,180.30
$ 3,295.07
$ 755.00
1991
11,328.61
2,832.15
652.00
Petitioner did not state his residence on the petition which he timely filed herein. The envelope in which it was sent indicated a return address in Alden, New York, and it was to that address the deficiency notice was sent. Rule 34(b) provides in pertinent part that the petition in an action in this Court shall contain "Clear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability" and "Clear and concise lettered statements of the facts on which petitioner bases the assignments of error". Neither the petition nor the amended petition raise justiciable error or facts respecting respondent's determinations. They assert nothing but frivolous and groundless claims, all of which have been summarily rejected by this Court and others on innumerable occasions. The petition states that no assessment *349 has been made against petitioner, and that accordingly there is no deficiency. Further, petitioner states that since the "Commissioner never had a tax return of mine which was 'filed' or 'processed', no tax return could have been 'selected for examination', no 'deficiency' determined, and no 'proposed adjustments' - as provided for in 26 CFR 601.103 - can now be made." In his amended petition, petitioner continues along the same vein, basing one of his arguments upon his assumption that since he did not file a return, respondent can not assert a deficiency. He continues with an argument that he did not receive income during 1985 and 1991, in that income was defined by the Supreme Court to be gains and profits derived from corporate activity. Petitioner argues that he had no income from corporate activity and ergo no income subject to taxation. We briefly consider petitioner's contentions, all long rejected by this and other Courts. Petitioner admits that he failed to file returns for either year in question; thus, he is in no position to require respondent to examine one. When a taxpayer fails to file a return, the Commissioner is entitled to use a substitute return to process *350 a taxpayer's information, Roat v. Commissioner, 847 F.2d 1379, 1382 (9th Cir. 1988), or indeed, need not use a return at all to determine a valid deficiency for purposes of section 6211. Section 6211 provides that the amount shown on a return is considered to be zero where taxpayer does not file a return. The use of no return, or a substitute return for processing, has no bearing whatsoever on whether respondent's actual determination of a deficiency is acceptable. Fox v. Commissioner, T.C. Memo. 1993-277. Section 1 imposes an income tax on the income of every individual who is a citizen or resident of the United States. Further, since the ratification of the 16th Amendment to the Constitution, it is immaterial with respect to income taxes whether the tax is a direct or indirect tax. Petitioner's conclusion that the word income means only gains from corporate activities is completely wrong. "The whole purpose of the Amendment was to relieve all income taxes when imposed from apportionment from a consideration of the source whence the income was derived." Brushaber v. Union Pac. R.R., 240 U.S. 1, 18 (1916). *351 The Code defines gross income as all income from whatever source derived (including but not limited to) compensation for services, interest, and unemployment compensation. Wilcox v. Commissioner, 848 F.2d 1007, 1008 (9th Cir. 1988), affg. T. C. Memo. 1987-225. See also Rowlee v. Commissioner, 80 T.C. 1111 (1983). Petitioner has nowhere denied that he received income within the meaning of section 61; further, he has admitted that he did not file tax returns. Our Rules provide that any issue not raised in the assignment of errors shall be deemed to be conceded. Rule 34(b)(4). In case petitioner is tempted to argue along these same frivolous lines in other matters, it appears relevant to quote the first paragraph of the opinion of the Seventh Circuit in Coleman v. Commissioner, 791 F.2d 68, 69 (7th Cir. 1986): Some people believe with great fervor preposterous things that just happen to coincide with their self-interest. "Tax protesters" have convinced themselves that wages are not income, that only gold is money, that the Sixteenth Amendment is unconstitutional, *352 and so on. These beliefs all lead -- so tax protesters think -- to the elimination of their obligation to pay taxes. The government may not prohibit the holding of these beliefs, but it may penalize people who act on them.
We particularly bring Coleman to petitioner's attention for its discussion of the award of damages (now termed penalties) by this Court under section 6673 and for the sanctions imposed by the Court of Appeals for the filing of a frivolous appeal. We point out to petitioner that this Court has authority under section 6673 to award penalties up to $ 25,000. For the reasons above stated, this matter will be dismissed for failure to state a claim upon which relief can be granted. An appropriate order of dismissal will be entered. Footnotes
1. All section references are to the Internal Revenue Code in effect for the years in issue. Rule references are to the Tax Court Rules of Practice and Procedure.↩