43 F.3d 1479
 75 A.F.T.R.2d 95-353
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Eugene RUDOW, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 94-70300.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1994.*
Decided Dec. 9, 1994.
 
 Before: D.W. NELSON, HALL and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Eugene Rudow appeals pro se the tax court's dismissal for lack of prosecution of his petition for redetermination of tax deficiencies and additions to tax asserted against him by the Commissioner of Internal Revenue ("CIR") for the tax year 1988. We have jurisdiction to review final orders of the tax court under 26 U.S.C. Sec. 7482, and we affirm.
 
 
 3
 We review for abuse of discretion the tax court's decision to dismiss a case for failure to prosecute. Noli v. Commissioner, 860 F.2d 1521, 1527 (9th Cir.1988). Rule 123(b) of the Tax Court Rules of Practice and Procedure provides that the tax court may dismiss a petition for failure to (1) properly prosecute, (2) abide by tax court rules, or (3) comply with a tax court order. Tax Ct.R. 123(b). Pro se litigants challenging the CIR's assessments must abide by the tax court's rules. See Carter v. Commissioner, 784 F.2d 1006, 1008-09 (9th Cir.1986). Under Tax Court Rule 149(a), the unexcused absence of a party at trial is not an appropriate ground for delay, and in the event of such absence the "case may be dismissed for failure to prosecute, or the trial may proceed and the case may be regarded as submitted on the part of the absent party or parties." Tax.Ct.R. 149(a).
 
 
 4
 The CIR's determinations of deficiencies and additions to tax are presumptively correct. See e.g., Baxter v. Commissioner, 816 F.2d 493, 495 (9th Cir.1987). Thus, the taxpayer bears the burden of producing evidence showing that the CIR's determination is incorrect. Id. The tax court may dismiss a petition if the taxpayer fails to present evidence on an issue on which the taxpayer bears the burden. Roat v. Commissioner, 847 F.2d 1379, 1383 (9th Cir.1988).
 
 
 5
 Here, the CIR sent Rudow a statutory notice of deficiency determining that Rudow owed $19,356.00 in income tax and a $968.00 penalty for the tax year 1988. On November 26, 1991, Rudow filed a petition with the tax court contesting the Commissioner's determination. Because Rudow suffered from serious health problems, the tax court granted Rudow three continuances extending his trial date to December 17, 1993. After Rudow failed to appear at trial, the CIR filed a motion to dismiss for failure to prosecute. Rudow also failed to appear at the hearing on the motion to dismiss. The tax court granted the CIR's motion to dismiss.
 
 
 6
 On appeal, Rudow does not claim that health problems prevented him from appearing at his trial. Rather, Rudow claims that he was under a mistaken impression that the Commissioner would be asking for a dismissal of the proceedings. Rudow concedes that the IRS was not responsible for creating such an impression. In several of its standing pre-trial orders, the tax court warned Rudow that his failure to be present at the trial may result in dismissal of his case. Because Rudow failed to appear at trial and carry his burden of proving the CIR's determinations wrong, the tax court did not abuse its discretion by dismissing Rudow's action for failure to prosecute. See Tax Ct.R. 123(b); Tax Ct.R. 149(a); Noli, 860 F.2d at 1527.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Rudow's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3