46 F.3d 1149
 75 A.F.T.R.2d 95-820, 95-1 USTC P 50,127
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jerry D. WEBB, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 94-70278.
 United States Court of Appeals, Ninth Circuit.
 Submitted: Jan. 25, 1995.*
Decided: Feb. 1, 1995.
 
 Before: WALLACE, Chief Judge, HALL and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jerry D. Webb appeals pro se the tax court's decision affirming the Commissioner of Internal Revenue's ("Commissioner") determination of deficiencies in income tax and additions to tax for tax year 1989. Webb contends that the tax court lacked jursidction over his action because section 6201(b)(1) of the Internal Revenue Code ("Code") prohibits the assessment of estimated taxes. See 26 U.S.C. Sec. 6201(b)(1). We have jurisdiction pursuant to 26 U.S.C. Sec. 7482, and we affirm.
 
 
 3
 The tax court's interpretation of a statute is a ruling on a question of law which we review de novo. Vakasovich, Inc. v. Commissioner, 790 F.2d 1409, 1413 (9th Cir. 1986). The Commissioner's determinations of deficiencies and additions to tax are presumptively correct and the taxpayer bears the burden of producing evidence showing that the Commissioner's determinations are incorrect. Baxter v. Commissioner, 816 F.2d 493, 495 (9th Cir. 1987).
 
 
 4
 Section 6201(b)(1) of the Code provides in relevant part that "[n]o unpaid amount of estimated income tax required to be paid under section 6654 or 6655 shall be assessed." 26 U.S.C. Sec. 6201(b)(1). Sections 6654 and 6655 of the Code address the failure of individuals and corporations respectively to pay estimated income taxes. See 26 U.S.C. Secs. 6654-55.
 
 
 5
 "If any person fails to make any return required by any internal revenue law or regulation ..., the Secretary shall make such return from his own knowledge and from such information as he can obtain through testimony or otherwise." 26 U.S.C. Sec. 6020(b); see Roat v. Commissioner, 847 F.2d 1379, 1382 n.1 (9th Cir. 1988).
 
 
 6
 Here, Webb failed to file income tax returns for tax year 1989. The Commissioner determined deficiencies by computing the amount of income tax owed based on Webb's unreported income for that year. See 26 U.S.C. Sec. 6020(b). The determination of deficiencies and additions to tax therefore were based on the actual amount of income tax owed and not based on any estimated tax as provided under section 6654. See 26 U.S.C. Secs. 6211, 6654.
 
 
 7
 Moreover, because the Commissioner never attempted to assess or collect the deficiencies, section 6201(b)(1) upon which Webb exclusively relies to challenge the deficiencies, is inapplicable in this case. See 26 U.S.C. Sec. 6201(b)(1).
 
 
 8
 Aside from his reliance on section 6201(b)(1), Webb presented no evidence to sustain his burden of showing that the Commissioner's determinations are incorrect. See Baxter, 816 F.2d at 495. Accordingly, the tax court did not err by affirming the Commissioner's determinations of deficiencies and additions to tax.
 
 
 9
 The Commissioner requests that we impose a sanction against Webb for bringing a frivolous appeal. We have the discretion to impose a penalty against a litigant as a sanction for bringing a frivolous appeal. 28 U.S.C. Sec. 1912; Fed. R. App. P. 38. "An appeal is frivolous if the result is obvious, or the arguments of error are wholly without merit." Wilcox v. Commissioner, 848 F.2d 1007, 1009 (9th Cir. 1988). We decline, in our discretion, to impose sanctions in this instance.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3