69 F.3d 544
 76 A.F.T.R.2d 95-7445, 96-1 USTC P 50,062
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Doyle A. KING; Nevan Y. King, Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 94-70929.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 24, 1995.*
Decided Nov. 1, 1995.
 
 Before: BEEZER, THOMPSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Doyle and Nevan King (the "Kings"), husband and wife, appeal pro se the tax court's judgment upholding in part the Commissioner of Internal Revenue's (the "CIR") determination of a deficiency in the Kings's federal income taxes for the tax year 1989 in the amount of $13,308. The Kings contend that the tax court erred by finding that the they were only entitled to claim a portion of their cost of goods sold in 1989 because the Kings presented insufficient evidence to substantiate the remainder. We have jurisdiction pursuant to 26 U.S.C. Sec. 7482. We review for clear error, see Geiger v. CIR, 440 F.2d 688, 690 (9th Cir.) (per curiam), cert. denied, 404 U.S. 851 (1971), and we affirm.
 
 
 3
 * Background
 
 
 4
 Doyle King was involved in the real estate business as a broker and general contractor for approximately forty years. In the late 1980's, King became self-employed as a salesman for Matol Botanical International Ltd., ("Matol"), a Canadian company that sells herbal diet programs.
 
 
 5
 In 1989, the Kings filed three Schedules C with their 1989 joint federal income tax return. On the Schedule C related to the Matol business, the Kings reported gross receipts and sales in the amount of $31,304 and cost of goods sold in the amount of $64,958. Upon audit, the CIR requested that the Kings provide documentation to substantiate the total amount of cost of goods sold which they had reported on their return. Although the Kings claimed that all of their financial records were stolen from their car, they were able to produce duplicative invoices from Matol totalling $24,003. The CIR allowed the Kings to claim $24,003 for the cost of goods sold. The CIR, however, disallowed the remaining $40,955 and issued a statutory notice of deficiency in the amount of $18,474. The Kings filed a petition with the tax court and the tax court upheld the CIR's determination in part. Because the Kings offered additional Matol receipts at trial, the tax court found that the Kings were entitled to claim those amounts. The Kings timely appeal the tax court's decision.
 
 II
 Merits
 
 6
 On appeal, the Kings contend that the tax court erred by finding that the Kings were not entitled to claim the remainder of the cost of goods sold because they failed to offer sufficient evidence to substantiate the offset. This contention lacks merit.
 
 
 7
 It is well-established that the Commissioner's determination enjoys a presumption of correctness, and the burden of proof rests on the taxpayer to establish an error in the Commissioner's determination. Roat v. Commissioner, 847 F.2d 1379, 1383 (9th Cir.1988); Edelson v. Commissioner, 829 F.2d 828, 831 (9th Cir.1987). Under I.R.C. Sec. 61(a), gross income is defined as "all income from whatever source derived. I.R.C. Sec. 61(a). In a merchandising business, "gross income" means the total sales, less the cost of goods sold, plus any income from investments and from incidental or outside operations or sources. See Treas.Reg. Sec. 1.61-3(a); Max Sobel Wholesale Liquors v. CIR, 630 F.2d 670, 672 (9th Cir.1980).
 
 
 8
 Here, the tax court found that the Kings substantiated amounts expended on cost of goods sold to the extent that they produced receipts from Matol showing what they purchased. However, the tax court found that the Kings failed to substantiate the remainder of the cost of goods sold in 1989 because the evidence which the Kings offered did not show that such money was spent on goods for the business. We agree.
 
 
 9
 First, although the Kings offered cancelled checks to prove that they spent money on goods for the business, those checks were made out to third parties, not Matol. Second, the Kings failed to introduce any evidence, such as itemized billing statements, which connected the cancelled checks to Matol products. Finally, although Doyle King testified that the checks were used to purchase Matol products, the tax court is not required to accept the taxpayer's uncorroborrated testimony. See Geiger, 440 F.2d at 690. Under these circumstances, we cannot say that the tax court's determination was clearly erroneous.[1] See Roat, 847 F.2d at 1383; Geiger, 440 F.2d at 690.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. The King's motion to file a late reply brief is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because the tax court had jurisdiction only over tax year 1989, we need not address the Kings's remaining contentions involving different tax years