95 F.3d 1160
 78 A.F.T.R.2d 96-6276, 96-2 USTC P 50,497
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Russell M. ODD; Joann H. Odd; Russell E. Odd, Defendants-Appellants.
 No. 95-35218.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1996.*
Decided Aug. 19, 1996.
 
 Before: BROWNING, SCHROEDER, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Russell E. Odd, along with his parents Russell M. and Joann H. Odd, appeal pro se the district court's judgment following a bench trial in favor of the United States. The district court held that the 1983 transfer of certain real property constituted a fraudulent conveyance under Alaska Stat. § 34.40.010. The district court then foreclosed liens on the Ninilchik property to satisfy outstanding tax liabilities for taxable years 1978 through 1988.
 
 
 3
 We AFFIRM.
 
 
 4
 The district court did not err in granting partial judgment and reducing the tax assessments to judgment. The taxpayers did not appeal the Tax Court's decisions sustaining the Commissioner's deficiency determinations for taxable years 1978 through 1983 and are therefore precluded from relitigating their liability for those years. See Commissioner v. Sunnen, 333 U.S. 591, 597 (1948). Taxpayers did not file federal income tax returns for taxable years 1984, 1985, and 1986. Where the taxpayer does not file a return, the deficiency is the amount of tax due. Roat v. Commissioner, 847 F.2d 1379, 1381 (9th Cir.1988). For taxable years 1987 and 1988, taxpayers filed late returns showing outstanding tax liabilities but failed to include payment. The assessments for these years were based on the self-reported tax liabilities, plus penalties and interest.
 
 
 5
 The Government submitted Certificates of Assessments and Payments (Forms 4340) showing that the assessments were properly made. Taxpayers have not produced sufficient evidence to establish that their tax liability is any different than that shown on Forms 4340. "[I]n the absence of contrary evidence, [Forms 4340] are sufficient to establish that notices and assessments were properly made." Hughes v. United States, 953 F.2d 531, 540 (9th Cir.1992).
 
 
 6
 The district court did not err in finding that the transfer of the Ninilchik property was a fraudulent conveyance under Alaska law. The conveyance was made: 1) in anticipation of a pending suit, 2) for inadequate consideration, 3) to a related party (the taxpayers' daughter). Further, taxpayers have lived on the property rent-free since 1988. The conveyance was "intended to hinder, delay or defraud creditors or other persons" and is void under Alaska law. Gabaig v. Gabaig, 717 P.2d 835, 838 (Alaska 1986); Alaska Stat. § 34.40.090.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3