Terry L. SMITH, Petitioner—Appellant,

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent—** Appellee.

No. 04–76130.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 8, 2005.*

Decided Nov. 10, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

**450**

Terry L. Smith, Port Townsend, WA, pro se.

Lynne L. Glasser, B. John Williams, Jr., Esq., Washington, DC, Donald L. Korb, Acting Chief Counsel Internal Revenue Service, Robert J. Branman, Esq., U.S. Department of Justice Tax Division, Washington, DC, for Respondent–Appellee.

Before: WALLACE, LEAVY, and BERZON, Circuit Judges.

### MEMORANDUM **

Terry L. Smith appeals *pro se* from the Tax Court's order dismissing his petition challenging tax deficiencies for years 1999 and 2001, and imposing a penalty for filing a frivolous appeal. We have jurisdiction pursuant to 26 U.S.C. § 7482. We review de novo, *see Talley Indus. Inc. v. Comm'r*, 116 F.3d 382, 385 (9th Cir.1997), and we affirm.

■ We reject Smith's contentions regarding the definition of income because gross income includes all income from whatever source derived, including compensation for services, interest, and pensions. 26 U.S.C. § 61; *see CIR v. Glenshaw Glass Co.*, 348 U.S. 426, 432 n. 11, 75 S.Ct. 473, 99 L.Ed. 483 (1955); *Vukasovich, Inc. v. Commissioner*, 790 F.2d 1409, 1414 (9th Cir.1986).

■ Smith's reliance on *Scar v. Commissioner*, 814 F.2d 1363 (9th Cir.1987) is misplaced because he did not file returns for tax years at issue and did not allege the determinations were incorrectly noticed, calculated or assessed. *See Scar*, 814 F.2d at 1364, 1365 and 1370 (noting the petitioners timely filed a return and the notice of deficiency was issued in error). I.R.C. §§ 6011, 6012 and 6072 mandate that Petitioner Smith file a return for every year that he earns income.

Furthermore, the Tax Court properly determined the amount of Smith's deficiency. *See Roat v. Commissioner*, 847 F.2d 1379, 1381 (9th Cir.1988) ("Where there has been no tax return filed, the deficiency is the amount of tax due."). We reject Smith's contention that he meets all the requirements of I.R.C. § 6654(e)(2), because he failed to introduce any facts indicating he had no tax liability in the preceding years as the statute demands.

■ Smith's contention that section 6651 penalties cannot apply to income tax is not properly before this Court because it was not raised before the Tax Court. *See* Tax Ct. R. 34(b)(4); *Bob Wondries Motors, Inc. v. Commissioner*, 268 F.3d, 1156 (9th Cir.2001).

■ There is no merit to the suggestion that IRS personnel lack authority to issue notices of deficiency, collection, or to levy upon property. I.R.C. §§ 6212(a), 6320(a), 6330(a), 7701(a)(11)(B) and 12(A)(i), and 7803(a)(2); *Hughes v. United States*, 953 F.2d 531, 536 (9th Cir.1992); *Nestor v. Commissioner*, 118 T.C. 162, 165, 2002 WL 236682 (2002).

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.