988 F.2d 119
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Donald W. HIRSCHI; Kathryn Hirschi, Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 92-70572.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1993.*
Decided March 4, 1993.
 
 Appeal from the United States Tax Court; No. 24478-90.
 U.S.T.C.
 AFFIRMED.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Donald W. and Kathryn Hirschi appeal pro se the tax court's dismissal for lack of prosecution of their petition for redetermination of income tax deficiencies and additions to tax asserted against them by the Commissioner of Internal Revenue (CIR) for the tax years 1986, 1987, and 1988. We have jurisdiction to review final orders of the tax court under 26 U.S.C. § 7482, and we affirm.
 
 
 3
 We review for abuse of discretion the tax court's decision to dismiss a case for failure to prosecute. Noli v. Commissioner, 860 F.2d 1521, 1527 (9th Cir.1988).
 
 
 4
 Rule 123(b) of the Tax Court Rules of Practice and Procedure provides that the tax court may dismiss a petition for failure to (1) prosecute properly, (2) abide by tax court rules, or (3) comply with a tax court order. Tax Ct.R. 123(b). "Although a court must explore meaningful alternatives prior to dismissing a case, it need not always exhaust every sanction short of dismissal before final action." Edelson v. Commissioner, 829 F.2d 828, 831 (9th Cir.1987).
 
 
 5
 Pro se litigants challenging the CIR's assessments must abide by the tax court's rules. See Carter v. Commissioner, 784 F.2d 1006, 1008-09 (9th Cir.1986). Tax Court Rule 149(b) provides that the tax court may dismiss a petition if the petitioner fails to present evidence on an issue on which the petitioner bears the burden of proof. Tax Ct.R. 149(b); Roat v. Commissioner, 847 F.2d 1379, 1383 (9th Cir.1988). Additionally, Tax Court Rule 70(a)(1) requires that "the parties attempt to attain the objectives of discovery through informal consultation or communication before utilizing the discovery procedures provided in these Rules." Tax Ct.R. 70(a)(1). Finally, "Tax Court Rule 91 requires the parties to stipulate, to the fullest extent possible, to all nonprivileged matters which are relevant to a pending case." Larsen v. Commissioner, 765 F.2d 939, 941 (9th Cir.1985) (per curiam); Tax Ct.R. 91.
 
 
 6
 The CIR's determinations of deficiencies and additions to tax are presumptively correct. See, e.g., Baxter v. Commissioner, 816 F.2d 493, 495 (9th Cir.1987). Thus, the taxpayer bears the burden of producing evidence showing that the CIR's determination is incorrect. Id.
 
 
 7
 Here, the CIR sent notices of deficiencies and additions to tax to the Hirschis on July 30, 1990. The Hirschis filed a petition for redetermination of the deficiencies and additions to tax on October 25, 1990. The tax court ordered the Hirschis to file an amended petition, which they did on January 7, 1991. On March 4, 1991, the CIR scheduled an appeals conference for May 2, 1991 with the Hirschis to discuss their case, but the Hirschis refused to attend. On June 28, 1991, the CIR sent the Hirschis a letter requesting that they attend a pretrial conference on July 9, 1991. The Hirschis did not respond to the letter and failed to attend the conference. The Hirschis scheduled a separate conference for September 19, 1991 with the CIR to discuss their case, but cancelled this conference on September 16, 1991. This conference was rescheduled for September 27, 1991. Donald Hirschi attended but refused to discuss the issues raised in the notices of deficiencies. The CIR subsequently requested certain documents from the Hirschis pertaining to their income for the years in question. The Hirschis told the CIR that no such documents existed.
 
 
 8
 Pursuant to the tax court's notice sent on June 6, 1991, the case was called for trial on November 12, 1991. The Hirschis failed to appear for trial and the CIR moved to dismiss the case for failure properly to prosecute. The tax court granted the CIR's motion and dismissed the case on April 28, 1992.
 
 
 9
 The Hirschis presented no evidence to sustain their burden of showing that the CIR's determinations were incorrect. See id. They failed to consult informally about their case with the CIR as required by Rule 70(a). They failed to enter into a stipulation of facts as required by Rule 91. Finally, they failed to appear for trial, arguing on appeal that their absence was necessary "in order to prevent counsel from obtaining facts from the Petitioners, that the Respondent had an independent burden of proving." The Hirschis also argue on appeal that they were unable to prosecute their case because the trial date set by the tax court left them with insufficient time to initiate formal discovery. In view of the Hirschis refusal to cooperate in informal discovery under Rule 70(a), however, there is clearly no merit to their argument. On this record, we cannot say that the tax court abused its discretion by dismissing the Hirschis' case under Rule 123(b) for failure properly to prosecute. See Edelson, 829 F.2d at 831.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3