988 F.2d 117
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Bill BLANKSTYN, Petitioner-Appellant,
v.
COMMISSIONER INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 92-70340.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 1, 1993.*
Decided March 5, 1993.
 
 Appeal from the United States Tax Court; No. 13881-90.
 U.S.T.C.
 AFFIRMED.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Bill Blankstyn appeals pro se the tax court's dismissal for failure to prosecute of his petition for redetermination of income tax deficiencies and additions to tax asserted against him by the Commissioner of Internal Revenue (CIR) for the tax year 1986. We have jurisdiction under 26 U.S.C. § 7482, and we affirm.
 
 
 3
 We review for abuse of discretion the tax court's decision to dismiss a case for failure to prosecute. Noli v. Commissioner, 860 F.2d 1521, 1527 (9th Cir.1988).
 
 
 4
 Rule 123(b) of the Tax Court Rules of Practice and Procedure provides that the tax court may dismiss a petition for failure to (1) prosecute properly, (2) abide by tax court rules, or (3) comply with a tax court order. Tax Ct.R. 123(b). "Although a court must explore meaningful alternatives prior to dismissing a case, it need not always exhaust every sanction short of dismissal before final action." Edelson v. Commissioner, 829 F.2d 828, 831 (9th Cir.1987).
 
 
 5
 Pro se litigants challenging the CIR's assessments must abide by the tax court's rules. See Carter v. Commissioner, 784 F.2d 1006, 1008-09 (9th Cir.1986). Tax Court Rule 149(b) provides that the tax court may dismiss a petition if the petitioner fails to present evidence on an issue on which the petitioner bears the burden of proof. Tax Ct.R. 149(b); Roat v. Commissioner, 847 F.2d 1379, 1383 (9th Cir.1988). Additionally, Tax Court Rule 70(a)(1) requires that "the parties attempt to attain the objectives of discovery through informal consultation or communication before utilizing the discovery procedures provided in these Rules." Tax Ct.R. 70(a)(1). Finally, "Tax Court Rule 91 requires the parties to stipulate, to the fullest extent possible, to all nonprivileged matters which are relevant to a pending case." Larsen v. Commissioner, 765 F.2d 939, 941 (9th Cir.1985) (per curiam); Tax Ct.R. 91.
 
 
 6
 The CIR's determinations of deficiencies and additions to tax are presumptively correct. See, e.g., Baxter v. Commissioner, 816 F.2d 493, 495 (9th Cir.1987). Thus, the taxpayer bears the burden of producing evidence showing that the CIR's determination is incorrect. Id.
 
 
 7
 Here, Blankstyn did not file a tax return or pay any federal income tax for 1986. On March 26, 1990, the CIR sent Blankstyn a notice of deficiency and additions to tax. Blankstyn filed in the tax court a petition for redetermination of the deficiency and additions to tax on June 22, 1990. On June 6, 1991, the tax court issued a notice setting trial on the petition for November 12, 1991. On September 16, 1991, Blankstyn met with the CIR to enter into a stipulation of facts, but Blankstyn did not stipulate to any facts. Blankstyn failed to appear for trial on November 12, 1991, and the CIR moved for dismissal of the case for failure to prosecute. The tax court granted the motion and dismissed the case on December 6, 1991. On February 7, 1992, Blankstyn moved to vacate the order of dismissal. The tax court denied the motion on February 10, 1992.
 
 
 8
 Blankstyn presented no evidence to sustain his burden of showing that the CIR's determinations were incorrect. See id. He failed to consult informally about his case with the CIR as required by Rule 70(a). He failed to enter into a stipulation of facts as required by Rule 91. Finally, he failed to appear for trial, arguing on appeal that his absence was necessary "in order to prevent counsel from obtaining facts from the Petitioner, that the Respondent had an independent burden of proving." Blankstyn also argues on appeal that he was unable to prosecute his case because the trial date set by the tax court left him with insufficient time to initiate formal discovery. In view of Blankstyn's failure to cooperate in informal discovery under Rule 70(a), however, there is clearly no merit to his argument. On this record, we cannot say that the tax court abused its discretion by dismissing Blankstyn's case under Rule 123(b) for failure properly to prosecute. See Edelson, 829 F.2d at 831.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3