15 F.3d 1095
 73 A.F.T.R.2d 94-636
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Carroll Dean WILLIAMS, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 93-70562.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1993.*
Decided Dec. 20, 1993.
 
 Before: SNEED, NOONAN, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Carroll Dean Williams appeals pro se the tax court's dismissal for lack of prosecution of his petition for redetermination of an income tax deficiency asserted against him by the Commissioner of Internal Revenue (CIR) for the tax year 1989. The tax court also entered a decision against Williams for the full amount of the deficiency. We have jurisdiction to review final orders of the tax court under 26 U.S.C. Sec. 7482, and we affirm.
 
 
 3
 We review for abuse of discretion the tax court's decision to dismiss a case for failure to prosecute. Noli v. Commissioner, 860 F.2d 1521, 1527 (9th Cir.1988).
 
 
 4
 Rule 123(b) of the Tax Court Rules of Practice and Procedure provides that the tax court may dismiss a petition for failure to (1) prosecute properly, (2) abide by tax court rules, or (3) comply with a tax court order. Tax Ct.R. 123(b). "Although a court must explore meaningful alternatives prior to dismissing a case, it need not always exhaust every sanction short of dismissal before final action." Edelson v. Commissioner, 829 F.2d 828, 831 (9th Cir.1987).
 
 
 5
 The CIR's determinations of deficiencies and additions to tax are presumptively correct. See, e.g., Baxter v. Commissioner, 816 F.2d 493, 495 (9th Cir.1987). Thus, the taxpayer bears the burden of producing evidence showing that the CIR's determination is incorrect. Id.
 
 
 6
 Pro se litigants challenging the CIR's assessments must abide by the tax court's rules. See Carter v. Commissioner, 784 F.2d 1006, 1008-09 (9th Cir.1986). Tax Court Rule 149(b) provides that the tax court may dismiss a petition if the petitioner fails to present evidence on an issue on which the petitioner bears the burden of proof. Tax Ct.R. 149(b); Roat v. Commissioner, 847 F.2d 1379, 1383 (9th Cir.1988). Additionally, "Tax Court Rule 91 requires the parties to stipulate, to the fullest extent possible, to all nonprivileged matters which are relevant to a pending case." Larsen v. Commissioner, 765 F.2d 939, 941 (9th Cir.1985) (per curiam); Tax Ct.R. 91.
 
 
 7
 Here, following Williams' filing of his petition for redetermination, the tax court issued a notice setting the matter for trial on May 10, 1993. The notice warned the parties that failure to appear on that date could result in dismissal of the case and entry of a decision against the party failing to appear. The parties also were instructed to stipulate to all facts and documents "about which there should be no disagreement," as required by Rule 91. The tax court again warned the parties that failure to cooperate in stipulating to facts and documents also would result in dismissal and an adverse decision.
 
 
 8
 Williams met with the CIR but refused to stipulate to any relevant facts. Instead Williams sought stipulation on a series of irrelevant claims.[1] On May 7, 1993, three days before the scheduled date for trial, Williams informed the CIR that he would not appear for trial because he was concerned for his safety.
 
 
 9
 Pursuant to the tax court's notice sent on January 8, 1993, the case was called for trial on May 10, 1993. Williams failed to appear for trial and the CIR moved to dismiss the case for failure to prosecute. The tax court granted the CIR's motion and dismissed the case on May 21, 1993.
 
 
 10
 Williams presented no evidence to sustain his burden of showing that the CIR's deficiency determination was incorrect. See Baxter, 816 F.2d at 495. Williams also failed to enter into a stipulation of relevant facts as required by Rule 91. Finally, Williams failed to appear for trial, arguing on appeal that the claims in his proposed stipulation of facts support his position and justify his failure to appear. As previously noted, these claims are irrelevant to the proceedings and do not sustain Williams' burden of proof. On this record, we cannot say that the tax court abused its discretion by dismissing Williams' case under Rule 123(b) for failure to prosecute. See Edelson, 829 F.2d at 831.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Williams sought stipulation as to his claims that (1) a W-2 form from one of his employers was sent to the wrong address, (2) a California Superior Court had unconstitutionally taken all of his property, (3) he had been singled out for an audit because he possessed evidence concerning a murder, and (4) the IRS was part of a cover-up pertaining to that murder