T.C. Memo. 2006-218


UNITED STATES TAX COURT


TIMOTHY NICHOLLS, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 6897-04.              Filed October 17, 2006.


Philip A. Putman, for petitioner.

Charles J. Graves, for respondent.


MEMORANDUM OPINION


HALPERN, Judge:  By separate notices of deficiency, respondent determined deficiencies in, and additions to, petitioner's 1998 and 1999 Federal income taxes as follows:

|                    |            | Additions to Tax  |            |
| Year[1]            | Deficiency | Sec. 6651(a)(1)   | Sec. 6654  |
|--------------------|------------|-------------------|------------|
| 1998               | $16,067    | $3,550.25         | $634.33    |
| 1999               | 3,299      | 824.75            | 159.66     |

[1] In an attachment to the notice of deficiency for 1998, respondent notes:  "Since this report does not reflect your prepayment credits of $1,740.00, you may not owe the total amount shown on the enclosed report."

Respondent has also moved the Court to impose a penalty on petitioner on the grounds that petitioner's position in this case is frivolous and has been maintained primarily for delay.  The deficiencies, the additions to tax, and the motion remain in issue.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

For 1998, the principal adjustments giving rise to the deficiency result from respondent's inclusion in petitioner's gross income of $15,873 of capital gain, $6,034 of wages received from Oxnard Building Materials, $33,850 and $1,900 of nonemployee compensation received from Holoworld, Inc., and Flannery, Inc., respectively, $67 of interest received from Washington Mutual Bank, FA, $241 of dividends received from assorted payers, and the addition of self-employment tax of $5,051.  For 1999, the principal adjustments giving rise to the deficiency result from

respondent's inclusion in petitioner's gross income of $27,795 of capital gain and $317 of interest received from Washington Mutual Bank, FA. For both years, respondent describes the section 6651(a)(1) addition to tax as being determined on account of petitioner's delinquency in filing his tax return and the section 6654(a) addition to tax as being determined on account of petitioner's failure to pay sufficient estimated tax.

Petitioner filed a petition in which he assigned error to respondent's determinations of deficiencies of $16,067 and $3,299 for 1998 and 1999, respectively (the deficiencies), claiming: "I do not owe that to the IRS. The IRS numbers are phony." The petition does not set forth any facts on which petitioner bases his assignment of error. Because of irregularities in the petition, and because he had failed to pay the required filing fee, petitioner was ordered to file a proper petition and pay the required fee. Subsequently, petitioner paid the fee and filed an amended petition, in which he set forth his prayer for relief as follows: "The Court decide that the IRS numbers are wrong, because they are. I don't know where their numbers come from." Like the petition, the amended petition does not set forth any facts on which petitioner bases his assignment of error. In neither the petition nor the amended petition (without distinction, the petition) does petitioner assign error to respondent's determinations of the additions to tax for 1998 and

1999 (the additions to tax) other than any assignment that can be implied from his objections to respondent's "numbers".

Petitioner did not appear in person for the trial of this case, but he was represented by counsel, who neither called any witnesses nor otherwise offered admissible evidence on petitioner's behalf. Instead, petitioner's counsel filed petitioner's memorandum on burden of proof, setting forth petitioner's argument that, since this case involves unreported income, respondent bears the burden of proving receipt of that income. Beyond that, petitioner's counsel did object to exhibits offered by respondent, which objections, for the most part, were overruled.[1] At the conclusion of the trial, the Court discussed with petitioner's counsel the issues that needed to be decided in this case. In response to the Court's question as to whether it would be fair to say that, if the Court were to conclude that respondent had shown sources for the alleged items of unreported income, the Court should sustain the determinations of deficiencies and additions to tax, petitioner's counsel agreed that would be a logical conclusion.

---

[1] The Court reserved its ruling on petitioner's objections to two exhibits offered by respondent, Exs. 13-R and 19-R, and ordered petitioner to file a memorandum in support of his objections within 10 days of the end of the trial. Petitioner failed to file the ordered memorandum, and the Court interprets that failure as petitioner's concession that his objections are without merit. We shall issue an appropriate order.

## Discussion

### I. Deficiencies in Tax

While petitioner has assigned error to respondent's determinations of the deficiencies, he does not aver any facts supporting his assignment, nor does he argue that respondent made any mistake of law in determining the deficiencies. Petitioner has ignored the merits of the case in favor of a defense based on his supposition that it is respondent's burden to prove that petitioner had unreported income. Petitioner is wrong in that supposition. In pertinent part, Rule 142(a)(1) provides that the burden of proof shall be upon the petitioner, except as otherwise provided by statute or determined by the Court. Section 7491(a)(1) places the burden of proof on the Commissioner with respect to any factual issue relevant to determining a taxpayer's liability for the income tax, but the provision is of no application unless the taxpayer first introduces credible evidence with respect to the issue. Since petitioner has introduced no evidence, section 7491(a)(1) is of no application to this case. Petitioner retains the burden of proof under Rule 142(a)(1).

Nevertheless, the venue for appeal of this case is uncertain. The petition shows petitioner's mailing address as being in Albuquerque, New Mexico. Petitioner would not, however, stipulate that he resided there, agreeing only that, "at the time he filed the petition, he was located or could be found [there]."

The address to which the notices of deficiency are addressed is in California, which may be the State of petitioner's legal residence.  The place of petitioner's legal residence is important for determining the venue for appeal of a decision of the Tax Court.  Sec. 7482(b).  California is within the geographical boundaries of the U.S. Court of Appeals for the Ninth Circuit, and Weimerskirch v. Commissioner, 596 F.2d 358 (9th Cir. 1979), revg. 67 T.C. 672 (1977), begins a line of cases of the Court of Appeals for the Ninth Circuit to which we defer in accordance with the doctrine of Golsen v. Commissioner, 54 T.C. 742 (1970), affd. 445 F.2d 985 (10th Cir. 1971).  The general rule established by that line of cases is that, for the Government to prevail in a case involving unreported income, there must be some evidentiary foundation linking the taxpayer to the alleged income-producing activity.  See Weimerskirch v. Commissioner, supra at 362.[2]  Apparently, however, unless the

---

[2]  Although Weimerskirch v. Commissioner, 596 F.2d 358 (9th Cir. 1979), revg. 67 T.C. 672 (1977), dealt specifically with illegal unreported income, it is now well established that the Court of Appeals for the Ninth Circuit applies the Weimerskirch rule in all cases of unreported income where the taxpayer challenges the Commissioner's determination on the merits.  E.g., Edwards v. Commissioner, 680 F.2d 1268, 1270 (9th Cir. 1982) (in that case, involving unreported income from an income-generating auto repair business owned by the taxpayer, the court stated: "We note, however, that the Commissioner's assertion of deficiencies are presumptively correct once some substantive evidence is introduced demonstrating that the taxpayer received unreported income.  Weimerskirch v. Commissioner, 596 F.2d 358, 360 (9th Cir. 1979)."); Petzoldt v. Commissioner, 92 T.C. 661, 689 (1989) ("the Ninth Circuit requires that respondent come
(continued...)

taxpayer challenges the Commissioner's determination of a deficiency in tax on the merits, the Commissioner need not provide any such foundation. See Roat v. Commissioner, 847 F.2d 1379, 1383 (9th Cir. 1988) (sustaining order of Tax Court dismissing taxpayers' case for failure to prosecute). While we believe that petitioner has forgone a challenge to the merits of respondent's determinations of deficiencies, see id. (no challenge to merits of the Commissioner's deficiency determination where taxpayer did not argue merits, did not seek information about merits, and relied solely on motion to dismiss for lack of jurisdiction), we need not decide that issue because, in apparent anticipation of the application of the Weimerskirch line of cases, respondent has provided a satisfactory evidentiary foundation linking petitioner to both employment-type and investment-type income-producing activities during the years in question. That foundation consists of certified Internal Revenue Service (IRS) records, payer-provided information returns (such as IRS Forms 1099-DIV and W-2),[3] and bank records (including

---

[2](...continued)
forward with substantive evidence establishing a 'minimal evidentiary foundation' in all cases involving the receipt of unreported income to preserve the statutory notice's presumption of correctness."). Although appeal of this case may lie to a Court of Appeals other than the Court of Appeals for the Ninth Circuit, Weimerskirch imposes as high a hurdle as respondent may face.

[3] Though respondent has provided verification of some of the items of income reported in those information returns,
(continued...)

copies of paychecks endorsed and deposited by petitioner), as well as declarations under penalties of perjury and supporting business records from petitioner's previous employers and other payers.  Respondent has met any burden that he has under the Weimerskirch line of cases, and we are left with petitioner's having failed to substantiate his assignment of error, which, in the usual case, would allow us to decide the issue in respondent's favor.  See, e.g., Funk v. Commissioner, 123 T.C. 213, 215-216 (2004).

That does not conclude the matter of the deficiencies, however, since in his posttrial memorandum, respondent states that documents subpoenaed for purposes of the trial show that petitioner wrote checks in 1998 totaling $25,000 that would give him bases to be applied against amounts realized in 1999 on the liquidation of certain investment accounts.  Respondent concedes that, as a consequence of that application of basis, respondent must reduce his adjustment on account of capital gain income for 1999 by an equal amount.  Respondent asks us to sustain his determination of a deficiency for 1999, nevertheless, on the

---

[3](...continued)
respondent had no obligation to do so, since petitioner has asserted no reasonable dispute with respect to those items nor has petitioner fully cooperated with respondent.  See sec. 6201(d) (describing the Secretary's burden to produce reasonable and probative information in addition to the information reported in the information returns when the taxpayer asserts a reasonable dispute with that information and has cooperated with the Secretary).

ground that copies of petitioner's bank records obtained by subpoena from petitioner's bank, Bank of America NA, show deposits in 1999 of $31,007.15 and $3,084.51, from Icon Trading, Inc., and with respect to petitioner's golf instruction business, Count Yogi Co., respectively. Respondent did not take those deposits into account in his adjustments to petitioner's income for 1999. Respondent correctly argues that, nevertheless, bank deposits are prima facie evidence of income. Tokarski v. Commissioner, 87 T.C. 74, 77 (1986); see also Factor v. Commissioner, 281 F.2d 100, 116, n.28 (9th Cir. 1960), affg. T.C. Memo. 1958-94. Respondent asks for no increased deficiency for 1999 but only that we sustain the deficiency of $3,299 that he determined. Petitioner made no objection to the Bank of America NA records on the grounds of relevance when they were proffered by respondent, and we interpret that failure as implying petitioner's consent to try the issue of his unreported income from bank deposits described in those records. See Rule 41(b)(1). We find that, for 1999, petitioner failed to report items of income of $31,007.15 and $3,084.51, as evidenced by respondent's exhibits showing bank deposits in those amounts.

Respondent did not err in determining the deficiencies.

II. Additions to Tax

A. Introduction

Section 6651(a)(1) provides for an addition to tax in the event a taxpayer fails to file a timely return (determined with

regard to any extension of time for filing) unless it is shown that such failure is due to reasonable cause and not due to willful neglect. The amount of the addition is equal to 5 percent of the amount required to be shown as tax on the delinquent return for each month or fraction thereof during which the return remains delinquent, up to a maximum addition of 25 percent for returns more than 4 months delinquent.

Section 6654 provides for an addition to tax in the event of an underpayment of a required installment of individual estimated tax. Sec. 6654(a) and (b). As relevant to this case, each required installment of estimated tax is equal to 25 percent of the "required annual payment", which in turn is equal to the lesser of (1) 90 percent of the tax shown on the individual's return for that year (or, if no return is filed, 90 percent of his or her tax for such year), or (2) if the individual filed a return for the immediately preceding taxable year, 100 percent of the tax shown on that return. Sec. 6654(d)(1)(A) and (B)(i) and (ii). The due dates of the required installments for a calendar taxable year are April 15, June 15, and September 15 of that year and January 15 of the following year. Sec. 6654(c)(2).

B.  Burden of Production

In pertinent part, section 7491(c) provides: "[T]he Secretary shall have the burden of production in any court proceeding with respect to the liability of any individual for any * * * addition to tax". The Commissioner's burden of

production under section 7491(c) is to produce evidence that it is appropriate to impose the relevant addition to tax. <u>Swain v. Commissioner</u>, 118 T.C. 358, 363 (2002). Unless the taxpayer puts the addition to tax into play, however (by assigning error to the Commissioner's determination of an addition to tax), the Commissioner need not produce evidence that the addition to tax is appropriate, since the taxpayer is deemed to have conceded the addition to tax. <u>Id.</u>

We can discern from the petition no assignment of error with respect to the additions to tax other than with respect to their calculation should we determine deficiencies different from those respondent determined. Moreover, at the conclusion of the trial, petitioner's counsel as much as conceded that, if the Court were to conclude that respondent had shown sources for the alleged items of unreported income, the Court should sustain the determinations of deficiencies and additions to tax. We could, therefore, without further discussion, sustain the additions to tax. Respondent, however, has introduced evidence sufficient to show that it is appropriate to impose both the section 6651(a)(1) and 6654 additions to tax. We shall sustain the additions to tax on the basis of the evidence in the record.

C. <u>Discussion</u>

1. <u>Section 6651(a)(1)</u>

Respondent's evidence shows that petitioner did not file a Federal income tax return for either 1998 or 1999, and we so

find.  Respondent's evidence also shows that, for each of those years, petitioner had sufficient income (above the exemption amount) that he was required to file a return, and we so find.[4] Petitioner's only defense to the section 6651(a)(1) additions to tax is that he was not required to file returns because his income did not exceed the exemption amounts.  We have found that, for each year, petitioner's income did exceed the year's exemption amount.  Nor has petitioner introduced any evidence to show that his mistaken beliefs were reasonable and free from willful neglect.  Petitioner is liable for the section 6651(a)(1) additions to tax as computed by respondent.

## 2.  Section 6654

Respondent's evidence shows the following, which we find accordingly:  Petitioner filed a Federal income tax return for 1997 showing a liability of $3,803; he made no return for 1998; his tax liability for 1998 is $16,067; he made two payments of estimated tax for 1998, one on June 4, 1998, and the other on September 24, 1998, each in the amount of $870; $126 was withheld from his wages in 1998.  Since 90 percent of petitioner's tax liability for 1998 ($14,460) is greater than his reported tax liability for 1997 ($3,803), which is $1,937 greater than the sum

---

[4]  Sec. 6012(a) requires every individual having gross income exceeding a certain minimum amount to file an income tax return.  Petitioner's gross income exceeded the exemption amounts of $2,700 and $2,750 for 1998 and 1999, respectively.  See sec. 151(d); Rev. Proc. 97-57, sec. 3.08, 1997-2 C.B. 584, 586; Rev. Proc. 98-61, sec. 3.08, 1998-2 C.B. 811, 815.

of his estimated tax payments and withholding for 1998 ($1,866), respondent has shown that it is appropriate to determine a section 6654 addition to tax with respect to petitioner for 1998, and we so find.[5]

With respect to 1999, respondent's evidence also shows the following, which we find accordingly: Petitioner filed no return for 1998; his tax liability for 1999 is $3,299; he made no payments of estimated tax for 1999; he had no withholdings in 1999. Where, as here, no return is filed for the immediately preceding taxable year, the estimated tax payment is computed as 90 percent of the taxpayer's tax for the year at issue. Since 90 percent of petitioner's tax liability for 1999 is $2,969, and petitioner had no estimated tax payments or withholding for 1999, respondent has shown that it is appropriate to determine a section 6654 addition to tax with respect to petitioner for 1999, and we so find.

III. Penalty

Section 6673(a)(1) provides that the Court may impose a penalty not in excess of $25,000 where, among other things, a

_____

[5] We question whether, in computing petitioner's sec. 6654 addition to tax for 1998, respondent determined that addition to tax on the proper basis. From the notice of deficiency, it appears to the Court that respondent ignored the computation for the previous year's tax liability, which was the lesser of the two computations. However, petitioner has not challenged that computation, nor has respondent justified it. We assume that, in the Rule 155 computation, the parties will compute the correct amount of the addition to tax.

taxpayer takes positions that are frivolous or groundless or has instituted or maintained proceedings primarily for delay. A taxpayer's position is frivolous if it is contrary to established law and unsupported by a reasoned, colorable argument for change in the law. Takaba v. Commissioner, 119 T.C. 285, 287 (2002). The inquiry is objective; if a person should have known that his position is groundless, a court may and should impose sanctions. Id. Furthermore, a taxpayer's failure to provide the Commissioner with requested information and his failure to offer evidence at trial pertaining to the substantive issues raised in the notice of deficiency are evidence that a suit in this Court was instituted primarily for delay. Stamos v. Commissioner, 95 T.C. 624, 638 (1990), affd. without published opinion 956 F.2d 1168 (9th Cir. 1992).

Respondent asks that we impose a penalty on petitioner pursuant to section 6673(a)(1). Respondent argues that, by his conduct, it is evident that petitioner instituted and maintained these proceedings for delay, as well as to advance frivolous arguments. Respondent asks us to consider the following. Petitioner never substantively addressed the pertinent issues in this case, which relate to the correct determination of tax and various additions to tax for the years in issue. In contravention of the Court's Rules on assigning errors with specificity, petitioner's petition and amended petition averred no particular facts with respect to respondent's numerous

adjustments. Petitioner was ordered to show cause why the proposed facts in the stipulation should not be admitted as true, whereupon petitioner made directly contradictory statements under oath. Petitioner asserted a jurisdictional challenge to the notices of deficiency, premised on the shopworn argument that the notices were void because they were not issued by an authorized individual with either statutory or delegated authority to do so. That argument is without merit, see Nestor v. Commissioner, 118 T.C. 162, 165 (2002), and we denied that motion.

Petitioner's intention to institute and maintain this proceeding for delay is also indicated by his failure to file a pretrial memorandum, as required by the Court's pretrial order. Moreover, at the trial, the Court ordered petitioner to file a memorandum in support of his objections to two of respondent's exhibits, but petitioner failed to do so.

In sum, petitioner failed to file Federal income tax returns for the years at issue and offered no credible justification for that failure. He instituted a proceeding in this Court without assigning any specific errors to respondent's determinations. He failed to cooperate with respondent in preparing this case for trial, and essentially failed to produce any evidence whatsoever to justify his blanket rejection of respondent's deficiency determinations. We interpret those actions as evidence of his intent to delay this proceeding; he has also advanced frivolous arguments. He has caused both the Court and respondent to expend

valuable time and resources to respond to his groundless filings and other actions, and to conduct a trial at which he failed to present any evidence whatsoever to prove that respondent's deficiency determinations were in error.  We will grant respondent's motion for sanctions, and we will require petitioner to pay a penalty to the United States of $2,500.

IV.  <u>Conclusion</u>

To reflect the foregoing,

<u>An appropriate order will be issued, and decision will be entered under Rule 155</u>.