T.C. Memo. 2014-78

UNITED STATES TAX COURT

SEISMIC SUPPORT SERVICES, LLC, SCOTT A. WHITTINGTON,
TAX MATTERS PARTNER, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 20458-11, 9936-12.        Filed May 5, 2014.

Scott A. Whittington, pro se.

Lisa M. Oshiro, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

KROUPA, Judge:  These consolidated cases arise from notices of final partnership administrative adjustment (FPAAs) issued to tax matters partner Scott A. Whittington (petitioner) regarding Seismic Support Services, LLC (Seismic), for 2007, 2008 and 2009 (years at issue).  We must decide two issues.  The first

**[*2]** issue is whether the amounts Seismic paid petitioner were guaranteed

payments for services under section 707(c).[1] We hold that they were. The second

issue is whether respondent correctly determined accuracy-related penalties under

section 6662. We hold that he did.

FINDINGS OF FACT

Some of the facts have been deemed stipulated pursuant to Rule 91(f) and

are so found. The stipulation of facts and the accompanying exhibits are

incorporated by this reference. Petitioner resided in Washington when he filed the

petition.

Petitioner was employed as a seismic design consultant. He formulated a

scheme to alter his status as an employee to reduce his tax obligations. He first

requested that his employer treat him as an independent contractor. His employer

refused, so he resigned that position. Petitioner decided to form an LLC through

which he could provide services as a subcontractor. To that end, he organized

---

[1] All section references are to the Internal Revenue Code (Code) in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

[*3] Seismic under Delaware law.  Petitioner owned 95% of Seismic, and Management Partners, LLC,[2] owned the rest.

Seismic provided consultation services as a subcontractor during the years at issue.  Petitioner performed all services on Seismic's behalf.  Seismic received all compensation for those services.  Seismic paid petitioner $131,690 in 2007, $168,300 in 2008 and $142,600 in 2009 (payments).[3]  Seismic labeled the payments "distributions" on each bank draft.[4]

Seismic filed Forms 1065, U.S. Return of Partnership Income, for the years at issue.  Seismic reported gross income of $157,267 for 2007, $178,302 for 2008 and $166,592 for 2009.  Seismic claimed management fee deductions of $141,400 for 2007, $161,800 for 2008 and $150,000 for 2009.  Seismic did not have any employees or file employment tax returns for the periods during the years at issue.

Respondent issued the FPAAs determining that the payments were guaranteed payments under section 707(c).  According to the FPAAs, the payments are still fully deductible by Seismic, but by recharacterizing the

---

[2]The record does not establish who owned this entity.

[3]Seismic also paid petitioner additional amounts purportedly for mileage expenses.  Those amounts are not in dispute.

[4]The record does not establish how petitioner reported the distributions on his individual return.

- 4 -

[*4] payments as guaranteed payments, respondent will be able to assert, in a subsequent partner-level proceeding, that petitioner is personally liable for self-employment tax.[5]  Respondent disallowed the corresponding management fee deductions and determined the accuracy-related penalties.  Petitioner timely filed petitions as the tax matters partner.

OPINION

These cases involve an ill-fated attempt by an individual to avoid his tax obligations.  Petitioner first asked his employer to misrepresent his employment status.  His employer refused, so he resigned his position and developed an alternative scheme to provide services through a partnership[6] subject to the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub. L. No. 97-248, sec. 402(a), 96 Stat. at 648, that he established.  Petitioner hoped that this would shield

_____

[5]The payments must first be recharacterized at the partnership level because respondent determined that they are guaranteed payments.  Guaranteed payments are a partnership item that must first be determined at the partnership level.  Secs. 301.6231(a)(2)-1, 301.6221-1, Proced. & Admin. Regs.  Once the partnership item is determined at the partnership level, each partner's distributive share can be challenged in a subsequent partner-level proceeding.

[6]The parties do not dispute that Seismic is a TEFRA partnership.  The record establishes that Seismic filed Forms 1065, for the 2007, 2008 and 2009 tax years.

[*5] his income from Federal tax. This scheme, however, still involved petitioner receiving compensation for services he performed.

We must decide in this partnership-level proceeding whether the payments were guaranteed payments for services under section 707(c). Petitioner contends that the payments were capital expenditures. Respondent asserts that the payments were for services. We agree with respondent.

## I. Jurisdiction

We begin our analysis with a discussion of the Court's jurisdiction over a TEFRA proceeding. The Court is a court of limited jurisdiction, and we may exercise our jurisdiction only to the extent provided by Congress. See sec. 7442; GAF Corp. & Subs. v. Commissioner, 114 T.C. 519, 521 (2000). The Court has authority in a TEFRA partnership-level proceeding to determine all partnership items for a partnership taxable year to which the FPAA relates, the proper allocation of partnership items among the partnership's partners, and the application of any penalty, addition to tax or additional amount that relates to an adjustment to a partnership item. Sec. 6226(f). A guaranteed payment is a partnership item appropriately determined in a partnership-level proceeding. See sec. 6221; sec. 301.6231(a)(3)-1(a)(2), Proced. & Admin. Regs.; see also Brennan v. Commissioner, T.C. Memo. 2012-187.

**[\*6]**  The Court's jurisdiction over a TEFRA partnership-level proceeding is invoked upon the Commissioner's issuance of a valid FPAA and the proper filing of a petition for readjustment of partnership items for the year or years to which the FPAA pertains.  See Harbor Cove Marina Partners P'ship v. Commissioner, 123 T.C. 64, 78 (2004).  Petitioner timely filed petitions challenging the adjustments in the FPAAs.  We therefore have jurisdiction to determine whether the payments were guaranteed payments for services and whether the accuracy-related penalty applies.[7]

## II.  Burden of Proof

We now consider whether the burden of proof shifts to respondent under section 7491(a).  The Commissioner's adjustments in an FPAA are generally presumed correct, and a party challenging an FPAA has the burden of proving that the Commissioner's adjustments are in error.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933); Republic Plaza Props. P'ship v. Commissioner, 107

---

[7]We note that petitioner contends that respondent exceeded his authority in adjusting the partnership item.  This argument is without merit.  Congress has granted the Commissioner authority to examine books to ascertain the correctness of any return.  Sec. 7602(a).  The Commissioner may determine the tax treatment of any partnership item at the partnership level.  Sec. 6221.  Seismic claimed a deduction for management fees.  Respondent examined the partnership return, determined that the deduction was mischaracterized and determined that the payments instead were deductible as guaranteed payments.

[*7] T.C. 94 (1996). The burden shifts to the Commissioner if the taxpayer introduces credible evidence with respect to the issue and meets other requirements. Sec. 7491(a)(2)(A) and (B). If each party produces credible evidence, then we decide using the burden of persuasion. The burden of persuasion, however, is immaterial because we decide this matter based on the preponderance of the evidence. See Kaufman v. Commissioner, T.C. Memo. 2014-52. Petitioner has not presented credible evidence salient to the disputed factual issues to shift the burden to respondent. See sec. 7491(a). Petitioner therefore has the burden.

III. Determination of Partnership Items

A. Guaranteed Payments

We now turn to the payments. Respondent contends the payments were guaranteed payments for services petitioner performed. Petitioner contends that the payments were for the use of capital rather than services.[8] We agree with respondent.

A guaranteed payment is a payment from a partnership to a partner for services or use of capital that does not represent a distribution and is determined

_____

[8]Seismic labeled the payments distributions and then claimed deductions for them as management fees. Petitioner no longer contends that the payments were distributions or management fees. We are perplexed by petitioner's action.

[*8] without regard to the partnership's income.[9]  Sec. 707(c); <u>Durkin v. Commissioner</u>, 87 T.C. 1329, 1388-1389 (1986), <u>aff'd</u>, 872 F.2d 1271 (7th Cir. 1989); <u>DeSantis v. Commissioner</u>, T.C. Memo. 1997-141; sec. 1.707-1(c), Income Tax Regs.  The substance of the transaction governs as opposed to the form. <u>Falconer v. Commissioner</u>, 40 T.C. 1011, 1015 (1963); sec. 1.707-1(a), Income Tax Regs.  A guaranteed payment is includable in the recipient's ordinary income. Sec. 1.707-1(c), Income Tax Regs.

We conclude that Seismic made payments to petitioner for services that were determined without regard to Seismic's income.  Petitioner performed all services on behalf of Seismic.  There is no basis in the record to conclude the payments were for the use of capital.[10]  We agree that the payments were guaranteed payments for services.

---

[9]Payments from a partnership to a partner generally fall into one of three categories.  <u>See</u> <u>Cahill v. Commissioner</u>, T.C. Memo. 2013-220.  First, a partner may receive payments representing distributions of his or her distributive share of partnership income.  <u>See</u> sec. 731.  Second, a partner may receive payments in circumstances where he or she is not treated as a partner.  Sec. 707(a).  And third, a partner may receive guaranteed payments.  Sec. 707(c).

[10]We note that petitioner contends that the payments were "capital expenditures" without further explanation or factual support.  We interpret petitioner's argument to be that the payments were for the use of capital.

**[\*9]** B. <u>Accuracy-Related Penalty</u>

We now consider the accuracy-related penalties under section 6662(a). A taxpayer is liable for an accuracy-related penalty on any part of an underpayment attributable to, among other things, negligence or disregard of rules or regulations. Sec. 6662(b)(1). The Commissioner has the burden of production with regard to penalties and must come forward with sufficient evidence indicating that it is appropriate to impose penalties.[11] Sec. 7491(c); <u>see</u> <u>Higbee v. Commissioner</u>, 116 T.C. 438, 446-447 (2001). The taxpayer bears the burden of proof as to any defense to the accuracy-related penalty. Sec. 7491(c); Rule 142(a); <u>Higbee v. Commissioner</u>, 116 T.C. at 446.

Respondent contends that the accuracy-related penalty for negligence applies here. Negligence is defined as any failure to make a reasonable attempt to

---

[11]We note that on its face, sec. 7491(c) refers to liability of any "individual" for penalties. Several opinions of this Court have held that this section is inapplicable where the taxpayer is not an "individual." <u>See</u> <u>NT, Inc. v. Commissioner</u>, 126 T.C. 191, 194-195 (2006) (holding sec. 7491(c) inapplicable to corporate taxpayer); <u>Santa Monica Pictures, LLC v. Commissioner</u>, T.C. Memo. 2005-104 (questioning applicability of sec. 7491(c) to corporate entity and whether Commissioner has any burden of production but nonetheless holding that if statute applied, Commissioner satisfied his burden). Nonetheless, several other opinions of this Court have applied sec. 7491(c) in cases of taxpayers who are not individuals. <u>See</u> <u>D & R Fin. Servs. Inc. v. Commissioner</u>, T.C. Memo. 2011-252; <u>McGehee Family Clinic, P.A. v. Commissioner</u>, T.C. Memo. 2010-202; <u>Maint., Painting & Constr., Inc. v. Commissioner</u>, T.C. Memo. 2003-270.

[*10] comply with the provisions of the Code or to exercise ordinary and reasonable care in the preparation of a tax return. Sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs. Negligence is strongly indicated where a taxpayer fails to make a reasonable attempt to ascertain the correctness of a deduction, credit or exclusion on a return that would seem to a reasonable and prudent person "too good to be true" under the circumstances. Higbee v. Commissioner, 116 T.C. at 446; sec. 1.6662-3(b)(1)(ii), Income Tax Regs.

Because partnerships do not pay taxes, penalties for tax underpayments are imposed at the partner level. Sec. 701. Notwithstanding this, TEFRA requires that the applicability of some penalties must be determined in the partnership-level proceeding. See sec. 6226(f); United States v. Woods, 571 U.S. __, __, 134 S. Ct. 557, 564 (2013). This Court has jurisdiction to consider the applicability of the accuracy-related penalty related to adjustments to partnership-level items. See Woods, 571 U.S. at __, 134 S. Ct. at 564; 6611, Ltd. v. Commissioner, T.C. Memo. 2013-49. Guaranteed payments are partnership-level items. Sec. 301.6231(a)(3)-1(a)(2), Income Tax Regs. Thus, the applicability of the penalty for the negligent reporting of the guaranteed payments is determined in the partnership-level proceeding, while the imposition of the penalty occurs at the partner-level proceeding. Woods, 571 U.S. at __, 134 S. Ct. at 564. The statute

[*11] provides that although a partnership-level determination[12] is conclusive in a subsequent refund action, it does not prevent individual partners from asserting any partner-level defenses that may apply in the partner-level proceedings. Id. (citing section 6230(c)(4)).

Respondent has met any burden of production he may have. Seismic initially described the payments as distributions but then claimed deductions for them as management fees. The record demonstrates that the payments were guaranteed payments. There is no indication in the record that petitioner made a reasonable attempt to ascertain the correctness of the characterization of his deductions. Seismic knew the payments were made for services petitioner provided, yet it mischaracterized them as management fees. Thus, Seismic was negligent in its reporting of the payments as management fees. The record reflects that Seismic mischaracterized the payments to enable petitioner to avoid partner-level self-employment taxes. Indeed, petitioner admitted that he was trying to avoid paying taxes. We determine that the accuracy-related penalties are applicable.

---

[12]Concerning the applicability of any penalty that relates to the adjustment of a partnership item.

**[\*12]**  A taxpayer is not liable for an accuracy-related penalty, however, if the taxpayer acted with reasonable cause and in good faith with respect to any portion of the underpayment.  Sec. 6664(c)(1); sec. 1.6664-4(a), Income Tax Regs.  The determination of whether a taxpayer acted with reasonable cause and in good faith depends on the pertinent facts and circumstances, including the taxpayer's efforts to assess his or her proper tax liability, the knowledge, experience and education of the taxpayer, and the taxpayer's reliance on the advice of a professional.  Sec. 1.6664-4(b)(1), Income Tax Regs.  We inquire into a taxpayer's reasonable cause and good faith, or lack thereof, at the partnership level, taking into account the state of mind of the general partner.  New Millennium Trading, LLC v. Commissioner, 131 T.C. 275, 279-280 (2008).

Petitioner did not advance any arguments or articulate any reasons as to why the accuracy-related penalties are not warranted.  Thus, we sustain respondent's penalty determinations.  See Zapara v. Commissioner, 124 T.C. 223 (2005), aff'd, 652 F.3d 1042 (9th Cir. 2011); see also Higbee v. Commissioner, 116 T.C. at 446-447.

In reaching these holdings, we have considered all of the parties' arguments, and, to the extent not addressed, we conclude that they are moot, irrelevant or without merit.

**[*13]** To reflect the foregoing,

Decisions will be entered

for respondent.