T.C. Memo. 2015-151

UNITED STATES TAX COURT

SEISMIC SUPPORT SERVICES, LLC, SCOTT A. WHITTINGTON, TAX
MATTERS PARTNER, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9414-14.                          Filed August 11, 2015.

Scott A. Whittington, pro se.

Lisa M. Oshiro, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, Judge: In a notice of final partnership administrative adjustment

(FPAA) for 2010 and 2011, respondent determined that the amounts Seismic

Support Services, LLC (Seismic), paid Scott A. Whittington (petitioner) were

guaranteed payments for services under section 707(c) and determined an

**[\*2]** accuracy-related penalty under section 6662 for each year.  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference.  Petitioner resided in Washington State when he filed the petition.

Petitioner was a seismic design consultant.  He performed services for Tomarco Contractor Specialties, Inc. (Tomarco), as an employee for years before 2003.  In 2003, petitioner formed Seismic so that he could provide services as a contractor rather than as an employee.  Petitioner owned 95% of Seismic, and Management Partners, LLC, owned 5%.

Seismic provided consultation services to Tomarco as a subcontractor before and during 2010 and 2011.  During the years in issue, petitioner and his wife performed services on Seismic's behalf.  Tomarco paid Seismic, and Seismic paid petitioner compensation for those services.  Seismic paid petitioner $142,780 in 2010 and $121,220 in 2011.  Seismic labeled the payments "distributions" on the checks to petitioner.

[*3] Seismic filed Forms 1065, U.S. Return of Partnership Income, for the years in issue. Seismic claimed management fee deductions of $142,780 for 2010 and $121,220 for 2011. Seismic also claimed deductions of $16,692 and $10,743 as mileage reimbursement for 2010 and 2011, respectively. Seismic did not file employment tax returns for any periods during the years at issue.

The FPAA determined that the payments to petitioner were guaranteed payments under section 707(c). The corresponding management fee deductions claimed on the returns were disallowed, but the net income of Seismic was not adjusted. A penalty for negligence was determined for each year because of the mischaracterization of the payments.

OPINION

Section 707(c) provides:

> SEC. 707(c) Guaranteed Payments. -- To the extent determined without regard to the income of the partnership, payments to a partner for services or the use of capital shall be considered as made to one who is not a member of the partnership, but only for the purposes of section 61(a) (relating to gross income) and, subject to section 263, for purposes of section 162(a) (relating to trade or business expenses).

Guaranteed payments are a partnership item that must be determined at the partnership level in a proceeding brought under section 6226(f), such as this one. Sec. 6221; secs. 301.6221-1, 301.6231(a)(3)-1(a)(2), Proced. & Admin. Regs.

[*4] Once the partnership item is determined at the partnership level, each partner's affected items can be challenged in a subsequent partner-level proceeding.

Section 6662 imposes a penalty for negligence when the person responsible for a tax return fails to make a reasonable attempt to comply with the provisions of the Internal Revenue Code or to exercise ordinary and reasonable care in the preparation of the return. Sec. 6662(a), (b)(1), and (c); sec. 1.6662-3(b)(1), Income Tax Regs.

Petitioner acknowledges that the payments received from Seismic during 2010 and 2011 were received for services he performed and were determined without regard to the income of the partnership. He also acknowledges that he was responsible for preparation of Seismic's Federal tax returns and that they were prepared without the benefit of consultation with a tax professional. He has offered no evidence that contradicts the determinations in the FPAA, and the stipulation and his testimony fully support the characterization of the payments as guaranteed payments (and not management fees) and the appropriateness of the penalties. Thus the FPAA is sustained on the merits. Because we reached the same conclusions on the same facts for 2007, 2008, and 2009 in Seismic Support

**[*5]** <u>Servs., LLC v. Commissioner</u>, T.C. Memo. 2014-78, no further discussion is necessary.

Petitioner's entire position in this case has been predicated on his erroneous beliefs and misunderstandings of the procedural aspects leading to the FPAA. In his pretrial memorandum, he stated that he intended to call as witnesses "each and every IRS employee identified in correspondence relating to the FPAA", identifying by name five such persons. However, he had not subpoenaed any witnesses before trial, purporting to believe that the Court had to issue the subpoenas under seal when the case was called. Apparently he had read only the first sentence of Rule 147(a), which is followed by:

> A subpoena, including a subpoena for the production of documentary evidence or electronically stored information, signed and sealed but otherwise blank, shall be issued to a party requesting it, who shall fill it in before service. Subpoenas may be obtained at the Office of the Clerk in Washington, D.C., or from a trial clerk at a trial session.

In any event, the persons whose names appeared in correspondence sent before the issuance of the FPAA were not proper witnesses. This case is a proceeding de novo, and our determinations are based on the merits and not on any administrative proceedings before the FPAA was sent. <u>See</u> <u>Bedrosian v. Commissioner</u>, 143 T.C. 83, 108 (2014); <u>Greenberg's Express, Inc. v.</u>

[*6] Commissioner, 62 T.C. 324, 327-328 (1974).  Petitioner's argument as to the authority of the Internal Revenue Service to make the determinations in the FPAA is similarly without merit.  See Seismic Support Servs., LLC v. Commissioner, at *6 n.7.

For the reasons stated,

Decision will be entered

for respondent.