T.C. Memo. 2015-152

UNITED STATES TAX COURT

SCOTT A. WHITTINGTON, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 2060-13, 11096-14.　　　　　Filed August 11, 2015.

Scott A. Whittington, pro se.

Lisa M. Oshiro, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, Judge: Respondent determined deficiencies, additions to tax, and penalties with respect to petitioner's Federal income tax liabilities for 2006 through 2011 as follows:

[*2] <u>Scott A. Whittington, Docket No. 2060-13</u>

|  |  | | Additions to tax | |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6651(a)(2) | Sec. 6654 |
| --- | --- | --- | --- | --- |
| 2006 | $56,971 | $12,818.48 | $14,242.75 | $2,696.09 |
| 2007 | 58,381 | 13,135.73 | 14,595.25 | 2,657.06 |
| 2008 | 68,092 | 15,320.70 | ([1]) | 2,188.27 |
| 2009 | 64,345 | 14,477.63 | ([1]) | 1,540.59 |

<u>Scott A. Whittington, Docket No. 11096-14</u>

|  |  | | Additions to tax | |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6651(a)(2) | Sec. 6654 |
| --- | --- | --- | --- | --- |
| 2010 | $56,172 | $12,429.23 | ([1]) | $1,182.47 |
| 2011 | 43,363 | 9,701.78 | ([1]) | 853.15 |

[1]The notices of deficiency state that these amounts are to be computed or will be computed at a later date.

The determination included 50% of income earned by petitioner's wife. At the same time, respondent determined deficiencies with respect to petitioner's wife on the theory that earnings of petitioner and of his wife were community property under Washington State statutes.

[*3]   The cases of petitioner and his wife were consolidated for trial, but at the conclusion of trial respondent conceded that petitioner and his wife had maintained their earnings as separate property.  Because petitioner's wife had filed timely returns reporting her income and "married filing separately" status, decisions were entered in her favor.

Respondent submitted revised computations of petitioner's liability showing the following amounts:

Scott A. Whittington, Docket No. 2060-13

| | | Additions to tax | | |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6651(a)(2) | Sec. 6654 |
|---|---|---|---|---|
| 2006 | $51,864 | $11,669.40 | $12,966.00 | $2,454.42 |
| 2007 | 52,162 | 11,736.45 | 13,040.50 | 2,374.07 |
| 2008 | 61,401 | 13,815.23 | 15,350.25 | 1,973.19 |
| 2009 | 59,236 | 13,328.10 | 14,809.00 | 1,418.27 |

Scott A. Whittington, Docket No. 11096-14

| | | Additions to tax | | |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6651(a)(2) | Sec. 6654 |
|---|---|---|---|---|
| 2010 | $53,971 | $12,143.48 | $13,222.90 | $1,157.46 |
| 2011 | 42,206 | 9,496.35 | 7,808.11 | 835.58 |

[*4] Petitioner objects to those computations on the ground that the income amounts determined by respondent include reimbursements of expenses petitioner incurred on behalf of Tomarco Contractor Specialties, Inc. (Tomarco), and/or Seismic Support Services, LLC (Seismic). He further objects on the ground of alleged defects in substitutes for return prepared under section 6020(b). The issue for decision is whether any further adjustments to respondent's computations are merited. All section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioner resided in Washington State when he filed his petitions. During the years in issue, he received compensation for his services from Seismic, an entity that he had formed in 2003 to serve as a contractor for Tomarco. Petitioner was a 95% partner in Seismic and performed most of the services provided by Seismic. During the years in issue, he received compensation for his services. He also received income in the form of partnership distributions, mileage and travel reimbursements, and gambling winnings.

**[*5]** Most of the payments to petitioner from Seismic for 2007, 2008, and 2009 were determined to be guaranteed payments in Seismic Support Servs., LLC v. Commissioner, T.C. Memo. 2014-78. In T.C. Memo. 2015-151, filed this date, the Court determines that Seismic made guaranteed payments to petitioner during 2010 and 2011. Contrary to the stipulation filed by the parties in these cases, T.C. Memo. 2014-78 did not make a determination with respect to 2006. In the notice of deficiency in docket No. 2060-13, however, respondent determined that petitioner received compensation for services subject to income and self-employment tax in 2006 as well as in 2007, 2008, and 2009.

Petitioner received checks from Tomarco for $740, $3,664, $6,568, $9,807, $13,645, and $692 during the years 2006, 2007, 2008, 2009, 2010, and 2011, respectively. Petitioner received checks from Seismic bearing notations of mileage reimbursement for $6,139.45, $10,425, $9,718, $13,595, $16,642, and $10,743 during the years 2006, 2007, 2008, 2009, 2010, and 2011, respectively. The mileage reimbursement amounts were deducted on Seismic's partnership tax returns in determining the amounts distributed to petitioner as the controlling partner of Seismic.

Petitioner stopped filing Federal income tax returns sometime in the 1990s, and he did not file Federal income tax returns or pay any tax for any of the years in

**[*6]** issue. When the Internal Revenue Service (IRS) commenced an audit based on information received from third parties who made payments to petitioner, he wrote a series of letters containing frivolous arguments and insulting terminology in which he denied that he was required to file tax returns or pay income tax. He maintained similar tactics during the course of these cases and did not raise any bona fide dispute with respect to the amounts or nature of payments that he had received during the years in issue. The only substantive and meritorious argument raised in his petitions was that the determinations of community property in the notices of deficiency were erroneous.

The notices of deficiency were based on properly prepared and certified substitutes for return prepared by the IRS under section 6020(b).

## OPINION

At the call of the case for trial and at the commencement of trial, petitioner requested "that the Court allow me time to call the witnesses that prepared the notice of deficiency and the substitute for returns for Scott Whittington." He had not subpoenaed any witnesses before trial, purporting to believe that the Court had to issue the subpoenas under seal when the case was called. Apparently he had read only the first sentence of Rule 147(a), which is followed by:

**[\*7]** A subpoena, including a subpoena for the production of documentary evidence or electronically stored information, signed and sealed but otherwise blank, shall be issued to a party requesting it, who shall fill it in before service. Subpoenas may be obtained at the Office of the Clerk in Washington, D.C., or from a trial clerk at a trial session.

In any event, the persons preparing the notices of deficiency or the substitutes for return were not proper witnesses. A trial before the Court is a proceeding de novo, and our redeterminations of petitioner's tax liabilities are based on the merits and not on any matters occurring before the notices of deficiency were sent. Greenberg's Express, Inc. v. Commissioner, 62 T.C. 324, 327-328 (1974).

In his petitions and in requests for admissions that he filed, petitioner asserted that he had no income during the years in issue and was not required to file returns. The stipulation, however, contained bank records and copies of checks for payments by Tomarco and Seismic establishing his receipt of compensation for services, as well as evidence of gambling income and other income. All of that income was gross income under section 61 and taxable income under section 63, and the amounts far exceeded the levels requiring a return under sections 1(d), 6011(a), and 6012(a). Petitioner's claims to the contrary are frivolous and require no further comment. See Crain v. Commissioner, 737 F.2d

**[\*8]** 1417, 1418 (5th Cir. 1984). He presented no evidence that he is not subject to self-employment tax. The stipulated facts also established that the section 6020(b) returns conformed to the statutory requirements and that the additions to tax were appropriate. Petitioner presented no evidence of reasonable cause for his admitted failure to file returns and pay taxes.

The only testimony at trial concerned the community property issue. Petitioner's wife testified that when she married petitioner she did not understand or approve of his tax views, so they decided to keep their finances separate. At the conclusion of the trial, respondent conceded the community property issue. As is common in cases involving spouses residing in community property States, the deficiency determinations in the statutory notices included 100% of petitioner's income and 50% of his wife's income. As a result, it was necessary to recompute the deficiencies in petitioner's cases to eliminate income earned by his wife during the years in issue. Respondent also conceded a minor error in incorporating information from forms filed by Seismic in 2009. Pursuant to the Court's direction, respondent submitted revised computations of deficiencies and additions to tax, following the procedures of Rule 155. Petitioner filed his objections to the revised computations.

**[*9]**  Petitioner did not claim any deductions for vehicle or other travel expenses in his petitions or pretrial filings.  He argued at the conclusion of the trial and in his objection to the revised computations that reimbursements he received from Tomarco and Seismic should not be included in his taxable income.  Although transmittals of checks from Tomarco paying his claims for reimbursement and a purported mileage log were attached to the stipulation, respondent objected to those exhibits on hearsay grounds; those exhibits were not received for the truth of their contents.  Petitioner failed to present evidence that he incurred the expenses for which reimbursement was claimed or testimony explaining the preparation of the log or the significance of the numbers recorded on it.  Because he was not an employee of either Tomarco or Seismic during the years in issue, he was not entitled to exclude the reimbursements from gross income under section 62(a)(2).  Because he did not file tax returns for the years in issue, he did not properly claim any deductions for the expenses to be offset against the payments from Tomarco or Seismic, and the record is devoid of any underlying documents supporting his reimbursement claims.  He failed to substantiate the time, place, and business purpose of the mileage paid for by Seismic as required by section 274(d).

**[\*10]** Rule 149(b) provides, in part:

> (b) Failure of Proof: Failure to produce evidence, in support of an issue of fact as to which a party has the burden of proof and which has not been conceded by such party's adversary, may be ground for dismissal or for determination of the affected issue against that party. Facts may be established by stipulation in accordance with Rule 91, but the mere filing of such stipulation does not relieve the party, upon whom rests the burden of proof, of the necessity of properly producing evidence in support of facts not adequately established by such stipulation.

Petitioner had the burden of proof with respect to respondent's determinations and particularly concerning the deductions he now claims. See Rule 142(a); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); Rockwell v. Commissioner, 512 F.2d 882, 886 (9th Cir. 1975), aff'g T.C. Memo. 1972-133. He failed to satisfy that burden in every respect, and he is not entitled to deduct the amounts recorded as reimbursements by the payors.

Petitioner also argues that the substitutes for return prepared under section 6020(b) failed to satisfy requirements in cases involving the adequacy of returns submitted by taxpayers. Those cases are inapposite. Section 6020(b) provides requirements for substitutes for return prepared by the IRS. Section 6020(b)(2) provides that "[a]ny return so made and subscribed by the Secretary shall be prima facie good and sufficient for all legal purposes."

**[*11]** In any event, neither a return nor a substitute for return is a prerequisite to a notice of deficiency. Roat v. Commissioner, 847 F.2d 1379, 1381-1382 (9th Cir. 1988); Hartman v. Commissioner, 65 T.C. 542, 546 (1975). The existence or absence of a substitute for return under section 6020 is thus irrelevant to the validity of the statutory notice. It is relevant only to additions to tax under section 6651(a)(2). See Wheeler v. Commissioner, 127 T.C. 200, 209-210 (2006), aff'd, 521 F.3d 1289 (10th Cir. 2008). To the extent that petitioner's arguments depend on the claimed invalidity of substitutes for return prepared under section 6020(b), they have no merit.

In summary, petitioner has presented neither evidence nor arguments showing that respondent's revised computations are incorrect.

To reflect the foregoing,

Decisions will be entered for the amounts shown in respondent's posttrial computations.